## ALVORD VS. BARRETT.

Where the electors of a school district, at a special meeting, voted a tax, which the law required to be assessed and collected by *the officers of the district*, and the levy of the tax was certified by the district clerk to the clerk of the town, who under an erroneous opinion as to his duty, and without any improper motive, assessed the tax against the taxable property of such district, and carried it out on the general tax roll of the town, to be collected by the *town treasurer*. *Held*, that a tax payer of such district, against whose land a tax was so assessed, and which had been returned as delinquent, could not maintain an action for such act against the town clerk, on his official bond, given to secure the faithful performance of his duty.

APPEAL from the Circuit Court for *Dodge* County.

*Alvord* brought an action against *Barrett* and his sureties for a breach of his official undertaking, in not faithfully performing his duties as town clerk of the town of Westford ; before a justice of the peace. The substance of the complaint is stated in the opinion of the court. The defendant put in a general denial, and upon the trial the undertaking upon which the action was brought, was given in evidence, and the plaintiff then proved in substance, that the town treasurer of said town, had made his return to the county treasurer for taxes for the town of Westford, and gave in evidence the assessment and tax roll of the town, as returned by the treasurer, showing that there were taxes returned against premises which the plaintiff had theretofore and still occupied and possessed to the amount of $13.59. The defendant *Barrett* was then sworn on the part of the plaintiff, and he testified that he made out the roll presented in evidence, and that it contained a school tax against said premises of $12.94. The return of the school district clerk of district No. 6, of the said town, to the defendant, as town clerk, was offered in evidence, by which it was certified that the amount of taxes voted to be raised in said district at a special meeting held on the 22d day of October; 1859, was $103.30, which the defendants was thereby directed to assess upon the taxable property therein, which statement was verified by the oath of the district clerk. The defendant *Barrett* further testi-

fied that this return of the clerk of said school district, was the only authority he had for levying and assessing the tax. The plaintiff rested his case, and the defendant moved that the plaintiff be non-suited; on the ground that he had shown no cause of action. The justice overruled the motion, and afterwards gave judgment in favor of the plaintiff and against the defendants for 12.94 damages, and $13.64 costs of suit. The defendants appealed to the circuit court, and the circuit court, after argument, reversed the judgment of the justice of the peace, with costs, for error in refusing to grant a non-suit, and the plaintiff appealed.

*Billinghurst, Lewis & Fribert*, for appellant.

1. The certificate of the district clerk to the town clerk was not in compliance with § 34, p 286, R. S., nor can the town clerk, under this section, assess and levy a tax, except it be voted to be raised at the last preceding *annual* meeting, or at the first meeting after the organization of the district. 2d. Taxes voted at a *special* meeting are to be collected by the district treasurer. R. S., 299, sec. 2. 3. The statute gives the plaintiff a right of action against the town clerk and his sureties, R. S., 185, secs. 63, 70, and the complaint was sufficient, R. S., 673, sec. 46, sub. 3, 10. 3. The plaintiff is entitled to damages, by reason of the unfaithful performance of the clerk's duty. Sedgw. on Damages, 45, 536, 552; *United States vs. Morgan*, 11 How., 154.

*Sloan & McFetridge*, for respondent.

*By the Court*, COLE, J. We fully concur with the circuit court in the opinion that the justice should have nonsuited the appellant. The action was against *Barrett* and sureties for a breach of his official undertaking in not faithfully performing his duty as town clerk. The complaint alleges, in substance, that by connivance of *Barrett* at an unlawful statement made by one George Huggett, as district clerk of school district No. 6, of Westford, he, as town clerk, unlawfully assessed a district

school tax of about thirteen dollars against the lands of the appellant, which tax was returned as delinquent, whereby the appellant had been injured to the amount of one hundred dollars. Now we shall not stop to inquire whether this would constitute a breach of the official undertaking, if it were sustained by testimony, because the evidence in the case utterly and entirely fails to establish the cause of action even as alleged in the complaint. There is not a particle of proof tending to show that the clerk connived with any one in making a false or unlawful statement in respect to any tax voted at any school meeting, or that he has been actuated by any malicious or improper motives in the discharge of his duties. It appears that Huggett, as school district clerk, delivered to *Barrett* a statement, that the amount of taxes voted to be raised in school district No. 6, of Westford, at a special school meeting held on the 22d day of October, 1859, was one hundred and three and 30-100 dollars, which the town clerk was requested to assess against the property of the district. This tax *Barrett* carried out in the roll against the property of the district.

Now it is not claimed that there was no such school meeting, or that the tax was not voted, or that the district had not full power to vote the tax at that time. But it is claimed that as the tax was voted at a *special meeting*, it should have been collected by the clerk and treasurer of the district. Grant that this was so, yet if the town clerk was ignorant of the provision of the law requiring a tax voted at a special meeting to be collected through the district officers, but went on and carried out the tax in the roll, as it was his duty to do when the same was raised at the *annual* meeting, we think this would not amount to a breach of his official undertaking.

If the town clerk had been guilty of any neglect of duty or misconduct, whereby the appellant had sustained damages, the case would be different. But at most, he erred in supposing this tax was to be collected through the town, instead of

the district officers, a mistake very natural when we consider the obscurity of the school law upon this subject. We therefore think a non-suit should have been granted.

The judgment of the circuit court is affirmed.