# FERDINAND W. PECK
## *v.*
## TIMOTHY COOPER.

*Filed at Ottawa November 17, 1884.*

1. OFFICERS OF CORPORATION—*individual liability of officers for any wrongs done by their order.* If an officer of a private corporation performs an illegal act, or such act is performed by his orders where he has authority to control the servant doing the act, and such illegal act results in injury to another, the officer directing the act will be individually liable in damages to the injured person; nor will he be exonerated from such liability from the fact that the corporation may also be liable.

2. SAME—*excluding colored persons from public conveyances by direction of an officer of the corporation—liability of the officer.* Where the president of an omnibus line, an incorporated company, promulgated an order to its drivers to exclude all colored persons from riding in their conveyances, and in pursuance of such order a driver ejected the plaintiff, who was a colored person, from his omnibus, thereby inflicting a personal injury, it was *held*, that the president individually was liable to the plaintiff for the damages received.

3. EVIDENCE—*as to extent of defendant's interest—in suit against officer of a corporation for injury done by a servant under his direction.* In an action against the president of an omnibus line, a private corporation, to recover for an injury in being ejected from an omnibus by the driver, in obedience to a general order of the president, evidence on the part of the plaintiff that the defendant was a large stockholder in the company, and that he and his brother owned a major part of the stock, and as to what disposition they had made of the same, is wholly irrelevant and immaterial. The only proper inquiry should be, whether he had control of the management of the company and the direction of its affairs.

4. MEASURE OF DAMAGES—*evidence as to retaining servant after damage from his unlawful act—in suit against the master.* The retaining of a servant of a company after knowledge is brought home to the officer or agent of the company of his misconduct resulting in a personal injury to another, or failing to discharge him for negligence, etc., has been held admissible in evidence, when the fact was known to the officer or agent of the company having power to dismiss the negligent servant, as characterizing the *animus* of those controlling the company, and as an ingredient in the measure of damages.

5. ERROR WILL NOT ALWAYS REVERSE—*as to the admission of evidence.* It is only when this court can see that the admission of irrelevant and wholly immaterial evidence has worked, or has probably worked, an injury to the party complaining, that it will reverse for error in receiving the same.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. WM. W. GURLEY, for the appellant:

The doctrine of *respondeat superior* does not apply to intermediate agents, but only to the ultimate principal. Thompson on Liability of Officers of Corporations, 489; *Bath* v. *Caton*, 37 Mich. 139; 2 Thompson on Negligence, 1060; *Hewitt* v. *Swift*, 3 Allen, 420; *Bacheller* v. *Pinkham*, 68 Me. 253; *Stone* v. *Cartwright*, 6 T. R. 411; *Nicholson* v. *Mounsey*, 15 East, 384; *Peck* v. *Cooper*, 8 Bradw. 403, and 13 id. 37.

The trial court erred in admitting evidence tending to show that after the injury to the appellee, the driver, Lewis, was retained in the employment of the company.

The court below erred in admitting evidence in regard to the amount of the capital stock of the People's Omnibus and Baggage Company held by the appellant and his brothers.

Mr. E. B. McCLANAHAN, for the appellee:

In *Peck* v. *Cooper*, 8 Bradw. 408, the court say: "The mere fact that a person is a director and stockholder in a corporation does not render him liable for the torts of the corporation or its agents." The soundness of this principle is not disputed, but it is limited in its application by another question, which is one of fact, and in the same connection the court say: "Some knowledge and participation in the act claimed to be tortious must be brought home to him."

Mr. JUSTICE WALKER delivered the opinion of the Court:

This action was brought to recover for damages claimed to have been sustained by plaintiff by being forcibly ejected from an omnibus controlled and operated by defendant in Chicago. There have been several trials, in the Superior and Appellate courts. On the last trial the jury found, and the

court rendered a judgment, against defendant for $2600, and the case comes to this court by appeal from the Appellate Court for the First District.

The "People's Omnibus and Baggage Line" was organized and became a corporation in 1871, and before the injury of which complaint is made. The horses and omnibus belonged to, and the driver was employed by, the company. Appellant was the president of the company, and was sued individually in this action, and was held liable for the injury.

The law conferred on appellee the right to travel in the omnibus, and if he, in the exercise of that right, was injured by the order of appellant, the latter is liable to respond for the injury in damages. The fact that appellant was the president of the corporation is no protection to him in the commission of an illegal act, and where an officer of an incorporation performs an illegal act resulting in an injury to another, he is liable. Nor does it exonerate him from such liability because the corporation may also be liable. The only question, therefore, is, did appellant give the order to the drivers of omnibuses of the company to exclude colored persons from traveling therein? That is a question of fact that was submitted to a jury, and they found appellant gave the general order under which appellee was expelled and injured by the driver. The Appellate Court have, by affirming the judgment, approved of the finding, and we are precluded from reviewing the evidence on that question. There being no semblance of authority to justify the promulgation of such an order, appellant was properly held liable on proof of the fact, unless the trial court has committed some error as to the law in trying the case. We will proceed to determine whether any such error was committed.

It is urged that the court erred in permitting evidence to be introduced that appellant was a stockholder in the corporation, that he and his brothers held a majority of the stock, and to inquire as to their disposition of the stock. This was

clearly irrelevant to the issue, as whether they were stockholders, or not, was wholly immaterial. Appellant was the president of the company, and if he had control of its management and the direction of its affairs, it was wholly immaterial whether he owned its stock, or what amount, or what he did with it. But notwithstanding the evidence in question was irrelevant, we are unable to perceive how it could have prejudiced appellant before the jury. If we were to reverse in every case where immaterial evidence is admitted, but few judgments would ever be sustained. It is only when we can see that the admission of such evidence worked, or probably did work, an injury to the party complaining, that we reverse.

There is an objection that the court erred in admitting the evidence of Young and Collins, who were drivers for the company at that time, that they had received from the assistant superintendent orders not to permit colored persons to ride in their omnibuses. If they received such orders, it was from a superior officer in the management of the affairs of the corporation. It may be it was inadmissible under the strict rules of evidence, but it was, under the circumstances of this case, irrelevant, and could have done no harm.

It is also urged that the court erred in admitting evidence that the driver was retained in the employment of the company after appellee was injured. Such evidence has been held admissible, when the fact was known to the officer or agent of the company having power to discharge the negligent servant, as characterizing the animus of those controlling the company, and as an ingredient in the measure of the damages. Inasmuch as we are precluded from considering the evidence, we must hold there is no error for which the judgment of the Appellate Court should be disturbed, and it is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE SCHOLFIELD: I do not concur in this opinion.