ROBINSON, Appellant, vs. ROHR and others, imp., Respondents.

*November 10, 1888 — February 19, 1889.*

*Municipal corporations: Officers: Negligence: Individual liability.*

The board of street commissioners of a city, disregarding the requirement of the charter that all work for the city should be let by contract, resolved that the work of repairing and reconstructing a bridge should be done by themselves under the supervision of their committee and a superintendent appointed by them. *Held,* that for injuries to a person, caused by the negligence of the employees of the board engaged in doing the work in pursuance of such resolution, the street commissioners were liable individually, and the city was not liable.

APPEAL from the Circuit Court for *Jefferson* County.

Action to recover damages for personal injuries alleged to have been caused by the negligence of the defendants

and their employees. The seven defendants who answered the complaint constituted the board of street commissioners of the city of Watertown. The city was made a defendant, but did not answer or appear in the action. The facts are sufficiently stated in the opinion. The plaintiff appeals from a judgment in favor of all the defendants except the city.

*Harlow Pease*, for the appellant.

For the respondents there was a brief by *Gregory, Bird & Gregory* and *Charles H. Gardner*, and oral argument by *Geo. W. Bird*. 1. The respondents were the senior aldermen, and as such constituted the board of street commissioners of the city of Watertown (ch. 204, P. & L. Laws of 1871), a legislative body having all the powers of the common council except the power to levy taxes (ch. 46, Laws of 1879), and served without pay. They did nothing respecting the repair or construction of the bridge except at meetings of this body duly held, and then only to vote upon motions or resolutions regularly brought before such meetings, upon which it was their duty to vote. That duty was a legislative duty, for the performance of which, however negligent, erroneous, or improper, no individual can maintain an action against the officers personally. Cooley on Torts, 376; *Baker v. State*, 27 Ind. 485; *Walker v. Hallock*, 32 id. 239; 2 Thomp. on Neg. 817. 2. The duty to vote and act upon such motions and resolutions was also a duty which they owed to the public at large and not to any individual, and therefore no liability to individual suits could result from the negligent, improper, or erroneous performance of it. Cooley on Torts, 379; Wharton on Neg. sec. 284; Shearm. & Redf. on Neg. (3d ed.), secs. 166, 167, 176, 177; *Kahl v. Love*, 37 N. J. Law, 5; *Hall v. Smith*, 2 Bing. 156. The respondents having authority to act upon the general subject matter of the repair and reconstruction

of the bridge, even if they proceeded illegally in the execution of that authority, in that they neglected to let the work by contract, such neglect does not render them liable in this action. The charter provision requiring the work to be let by contract being simply for the protection of the public, a failure to comply with it can be taken advantage of only by the public. *East River G. L. Co. v. Donnelly*, 93 N. Y. 557; *Oconto v. C. & N. W. R. Co.* 44 Wis. 231. 3. The respondents, as such board, having authority to act on the subject, and having acted in good faith with an honest view to obtain for the public a lawful benefit, are not liable even though they failed to exercise their authority in the specific manner directed by statute. *Squiers v. Neenah*, 24 Wis. 588; *Hamilton v. Fond du Lac*, 40 id. 47; *Smith v. Gould*, 61 id. 31; *Alvord v. Barrett*, 16 id. 175. 4. Public officers are answerable for their own personal malfeasances and misfeasances only, and not for those of their employees or agents; and this rule applies to every kind of public agency. Shearm. & Redf. on Neg. sec. 177, and note 2. 5. The respondents, as public officers, were charged with a duty which could not be performed without the aid of others; and in such case the doctrine of *respondeat superior* does not apply so as to make them liable for the negligence of the persons employed, even though the officers did not follow the statute strictly in the exercise of their authority. *Bailey v. Mayor*, 3 Hill, 531; *Martin v. Mayor*, 1 id. 550; *Donovan v. McAlpin*, 85 N. Y. 185; *Fitzpatrick v. Slocum*, 89 id. 359.

The following opinion was filed December 4, 1888:

ORTON, J. The above defendant, *William Rohr*, and six others are charged in the complaint as follows: They were constructing and repairing stone piers and abutments under the Main-Street bridge over the Rock river, in the

city of Watertown, and there was standing in an upright position on said bridge a large and heavy hoisting-machine, known as a derrick, which was placed there by them, and before that day had been used by them in repairing and constructing said piers and abutments. The plaintiff was walking along upon that portion of the bridge which was set apart for persons traveling on foot, and through the carelessness and negligence of the defendants, their agents, servants, and employees, said derrick was allowed to fall across and upon said bridge, and upon the plaintiff, while she was walking along as a traveler on said highway bridge, and without fault on her part; whereby she was greatly hurt, bruised, and injured.

The defendants by answer admit that the piers and abutments of said bridge were being constructed and repaired, but deny that *they* were constructing or repairing the same, and deny that it was through their fault or that of their agents, servants, or employees, that the derrick fell upon the plaintiff, and that she was greatly injured thereby, or that she received any injuries by reason of their negligence or that of their agents, servants, and employees, and deny that the plaintiff was without fault, and aver that her own negligence contributed to her injury. They allege that said bridge had been out of repair for some time, and needed repair and reconstruction; and that as the board of street commissioners of said city, in its collective and legislative capacity, *they had duly let the work of repairing and constructing said piers and abutments to competent persons to do that work*, and the said persons were then engaged in the due prosecution of said work, exercising due and proper caution in operating the said derrick.

The facts in respect to said mason-work on the piers and abutments, stated in respondents' brief and proved on the trial, were as follows: The clerk of the city was directed by the defendants, in accordance with the requirement of

sec. 3 of subch. 9 of the city charter[1] in respect to all such work, to advertise for proposals for doing the mason-work and furnishing materials for the bridge according to the plans and specifications adopted by them as the board of street commissioners, to be received up to a certain date; and on that day the proposal of one Charles Baxter for doing said work and furnishing materials was accepted by them, and they directed a contract to be entered into with him according to said proposal, and that the said work be let to him, he being the lowest bidder for the same. But before any contract was entered into with him, and before, as they ascertained, he had acquired any rights in the same, by resolution of the defendants as such board the whole matter was left open and undisposed of for their future action. Their committee, to whom the matter had been referred, reported plans and specifications of said mason-work and materials, and recommended that said work and furnishing materials be done by themselves, under the supervision of their committee on streets and bridges, and that a superintendent be appointed, and said resolution was accordingly adopted by them. In this manner the work upon said bridge commenced and was carried on by the defendants through their superintendent and other persons employed by them, and under the supervision of their committee, up to the time the plaintiff was injured by the falling of the derrick by the negligence of their servants. No contract was ever let to any one to do said work or to furnish materials for the same, but the defendants did the work, instead of a contractor obtained according to the requirement of the charter as the lowest bidder for the same.

---

[1] Ch. 233, Laws of 1865. Sec. 3, subch. 9, is as follows: "All work for the city or either ward thereof shall be let by contract to the lowest responsible bidder, and due notice shall be given of the time and place of letting such contract."— REP.

Robinson vs. Rohr and others, imp.

On these facts the circuit court directed a verdict for the defendants, except the city of Watertown.

It will be seen that the facts proved do not support the answer as to letting the work to other persons. It may be said here that all the authorities cited by the learned counsel of the respondents have application only to the case made by the answer, and in no respect to that made by the facts proved. The same elementary authorities cited by them make the very distinction which here exists between the answer and the proofs. The board of street commissioners, when they determined upon the work and adopted the plans and specifications of it, acted as public officers, exercising judicial and legislative power, and they are not amenable to any one except the public for any errors, negligence, or mere misfeasance in the matters within their jurisdiction. In this case they are not charged with any dereliction in these respects. But when, after adopting the plans and specifications, they undertake to carry them out practically and do the work themselves, and employ agents and servants to execute the plans and specifications manually, then, if they are acting as officers at all, they are merely *ministerial* officers, and not judicial or legislative, and, according to the same authorities, are liable to third persons for their negligence or misfeasance, or, as the authorities say, as public officers they acted *in a ministerial capacity*, and are therefore liable. Cooley on Torts, 339–376. If, as public officers, they owe only a duty to the public and are not liable to persons, yet, if they so act as to owe a duty to individuals, then their negligence therein is an individual wrong which may be redressed by private action. In this case the defendants owed a duty to the traveling public, and to the plaintiff while traveling over the bridge, to look out for her personal safety, while they were managing the work through their servants. This is not a public, but a private, duty, which they must discharge

properly or be liable to those injured by their negligence. As public officers, acting for the public alone, they are exempt from personal liability. The doctrine of *respondeat superior* does not apply to such. But if, as the authors say, they engage in some special employment, and their duties are of a more private character, and concern individuals as well as the public, they are amenable to private actions. Whart. Neg. § 284; Shearm. & Redf. Neg. §§ 166, 167. This distinction is plainly marked and easily applied. The authorities cited by the learned counsel of the respondents apply only to the first class, and therefore are not applicable to this case; such as *Squiers v. Neenah*, 24 Wis. 588; *Hurley v. Texas*, 20 Wis. 637; *Hamilton v. Fond du Lac*, 40 Wis. 47; *Smith v. Gould*, 61 Wis. 31. Special attention is called to *Alvord v. Barrett*, 16 Wis. 175, as illustrating the rule contended for by the learned counsel. But in that case the court said: "If the town clerk had been guilty of any *neglect of duty or misconduct*, whereby the appellant had sustained damages, the case would have been different." So in *Harris v. Baker*, 4 Maule & S. 27, the trustees for lighting streets were not liable to a person injured by falling over a heap of dust deposited in the highway, because, the court said: "They were too far removed from the cause of it." But suppose the trustees had deposited the heap in the highway, wrongfully or negligently, they would not then have been too far removed from the cause of the injury. In *New Clyde S. Co. v. River Clyde Trustees*, Hay, Dec. 79, 14 Scot. Jur. 586, it is conceded that the remedy would be against the persons who committed the wrong. The defendants rejected the contractor, who would have been liable for such an injury, and took his place to do the work, and thereby assumed the liabilities of a contractor to those injured by the negligence of their servants. The board *planned* the ditch, and are not liable for their *plan;* but if the commissioners dug the ditch, and negligently left

it unguarded, and a person falls into it in the dark, are they not liable? By personally and practically undertaking to do the work through servants of their own employment, they are brought into contact and relation with the traveling public and the plaintiff, and assume corresponding duties and obligations.

This is sufficient as to the principle which governs this case, treating the defendants as officers as well as operatives. In such case it follows as of course, if *they* are liable, the *city* is not so; and that cases in which it is held that the municipality is not liable for such a personal injury caused by negligence or wrong, are authorities that the persons or officers who did the wrong or were guilty of the negligence are liable. In *Wallace v. Menasha*, 48 Wis. 79, the city treasurer sold the property of one person for the tax of another. It was held that the city was not liable for such a tort. His acting *colore officii* made no difference. In that case the doctrine and distinction as above stated, together with the above and other authorities, are fully and ably reviewed by Mr. Justice LYON, and it is a case in point with this, in principle. In *Uren v. Walsh*, 57 Wis. 98, it was held that the defendants were liable to personal action for unlawfully tearing down a fence to open a highway, and it made no difference that they pretended to act as public officers. This class of cases is distinguished from the cases cited by the learned counsel of the respondents, by the chief justice in an able review of the doctrine. It was a personal wrong for which the town was not liable, and is distinguished from those cases where the municipality is held liable because in such cases it directed the act, or ratified it, or it was within its general powers. In that class of cases the damages are the natural and proximate consequence of the illegal act, and not the result, as in this and similar cases, of some incidental and independent act of negligence

or of wrong, not necessary to the work, and committed while doing it, to the injury of third persons. For such an act of negligence or of wrong as that complained of the municipality was never held liable. The city of Watertown had nothing to do with it, never authorized or ratified it, and it was not within its general powers or for its benefit. The city might as well be held liable for an assault and battery committed by these commissioners while prosecuting this work. But treating the defendants as officers and lawfully doing the work, they would be liable, and the city would not be. A city is not liable for injuries or damages caused by the neglect of its officers in the performance of their duties (*Schultz v. Milwaukee*, 49 Wis. 254); or for their misfeasance or malfeasance, or omission to perform their duties, or for negligence in its performance (*Little v. Madison*, 49 Wis. 605). When an officer of a corporation performs an illegal act resulting in an injury to another, he is liable. *Peck v. Cooper*, 112 Ill. 192. Whenever a person sued sets up a defense that he was an officer of the government acting under color of law, it plainly devolves upon him to show that the law which he invokes authorized the *particular act* in question to be done, and that he acted in good faith. *Tweed's Case*, 16 Wall. 504. But where the issue is negligence, motives or good faith are immaterial. *Hover v. Barkhoof*, 44 N. Y. 113. Where an officer injures another while performing *ministerial* duties, he is liable. *Mills v. Brooklyn*, 32 N. Y. 489. For a personal injury caused by the negligence of several persons they are severally or jointly liable. *Creed v. Hartmann*, 29 N. Y. 591; *Peoria v. Simpson*, 110 Ill. 294; *Wright v. Compton*, 53 Ind. 337; *State ex rel. Reynolds v. Babcock*, 42 Wis. 138. These general propositions are indisputable, and with the authorities are taken from the brief of the learned counsel of the appellant. We conclude, therefore, that the plaintiff had a right to recover

against the defendants, except the city of Watertown, and that the court erred in directing a verdict in their favor.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

A motion for a rehearing was denied February 19, 1889.