JOHN S. FAVORITE, Respondent, v. WILLIAM R. COTTRILL *et al.*, Appellants.

### St. Louis Court of Appeals, April 23, 1895.

1. **Trespass: JOINT LIABILITY OF CORPORATION AND CORPORATE AGENT.** When a trespass has been committed by a corporation, the corporation and the agent under whose direction it acted are jointly liable therefor.

2. **Exemplary Damages: ABSENCE OF SUBSTANTIAL COMPENSATORY DAMAGES.** The right of a plaintiff to exemplary damages will not be affected by his failure to recover substantial compensatory damages, when such failure is due to state of his pleadings and not to the actual absence of substantial damages.

3. **Practice, Appellate: REQUIRING REMITTITUR.** An appellate court should not require a remittitur as a condition to the affirmance of the judgment of the trial court, unless it appears that injustice has been done; and, in the determination of the matter, great weight ought to be given to the option of the trial judge.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Fisse & Kortjohn* for appellants.

*Clopton & Trembley* for respondent.

BIGGS, J.—The plaintiff sues the defendants for the destruction of his business as a bill poster in the city of St. Louis. The defendant corporation was engaged in the same business, and its codefendant was its president and general manager. The petition charges that "defendants, for the purpose of destroying the plaintiff's said business, and driving plaintiff out of business as a competitor with the defendant Cottrill Bill Posting

Company, willfully, secretly and maliciously, covered the advertising material posted up by plaintiff on his said bill boards, and with the same purpose in view willfully, secretly and maliciously, cut down and destroyed a large number of plaintiff's said bill boards; that by said willful, secret and malicious acts defendants succeeded in practically destroying plaintiff's said business, and by reason thereof plaintiff was forced on said April 7, 1893, to sell his said business to the defendant Cottrill Bill Posting Company at a nominal figure, to his damage in the sum of $15,000, for which he asks judgment with costs." The answer is a general denial. Under the instructions the jury returned a verdict for $1 as compensatory damages, and $5,000 as exemplary damages. At the suggestion of the circuit court a remittitur of $2,500 was made, and at the same time the plaintiff voluntarily remitted the additional sum of $1. Thereupon the court overruled the motion for new trial and entered a judgment for $2,499. From that judgment the defendants have appealed.

It is contended that the judgment against the defendant Cottrill is unauthorized, for the reason that, in the commission of the alleged trespass, no individual action or participation on his part was shown. The plaintiff's evidence tended to prove that Cottrill was the president and general manager of the Cottrill Bill Posting Company, and that under his orders the employees of the company destroyed some of the bill boards belonging to the plaintiff and covered up the advertisements on others, and that, in ordering the destruction of the plaintiff's property, his purpose was "to drive Favorite (the plaintiff) out of business." Under the earlier decisions, a corporation could not be held for the malicious and tortious acts of its officers and servants, although committed in the discharge of duties imposed. This ruling rested on the idea that, as the powers of a

corporation were delegated, it could not be conceived as possessing the power to do a willful and positive wrong; and, if such a wrong were done in its name, the only remedy of the injured party was against the officers or agents directing or committing the trespass. The modern decisions have repudiated the rule altogether. Therefore, the argument is made by the appellants that the former rule as to the liability of the officer or servant must be considered as overruled, unless such officer was present and actually participated in the commission of the tort. We have been unable to comprehend the force of this argument. It certainly finds no support in the adjudicated cases. In *Peck v. Cooper*, 112 Ill. 192, the same point was made. There the plaintiff had been forcibly ejected from an omnibus on account of his color. The unlawful act was done by the driver under an order promulgated by the defendant as president of the "Omnibus Line," which was a corporation and owned the omnibus. Touching the question the court said: "The fact that appellant was the president of the corporation is no protection to him in the commission of an illegal act, and, where an officer of an incorporation performs an illegal act resulting in an injury to another, he is liable. Nor does it exonerate him from such liability because the corporation may also be liable. The only question, therefore, is, did appellant give the order to the drivers of omnibuses of the company to exclude colored persons from traveling therein?" The English rule, as declared by Lord HOLT in the case of *Lane v. Cotton*, 12 Mod. 488, is that, for the *neglect* of the servant, third persons can have no remedy against him, but that the master alone is chargeable; but for a *misfeasance or actual tort* an action will lie against the servant because he is a wrongdoer. The general principle is that those who participate in the commission of a trespass by

counselling, aiding or abetting it, are equally liable with the person who actually committed it. *Allred v. Bray*, 41 Mo. 484.

The petition charges that the business of the plaintiff was injured and destroyed by the unlawful acts of the defendants. The evidence tended to prove that the bill boards, which were destroyed, were worth $400 or $500; that the plaintiff had invested about $2,300 in the business, and that he was compelled to sell out to the Cottrill Bill Posting Company for $700. But there was no evidence tending directly to prove the value of the plaintiff's business prior to the alleged trespasses, or to what extent it was damaged thereby. For this reason, as we assume, the court instructed the jury that, under the pleadings, the recovery of the compensatory damages could not exceed a nominal sum. The point is now made by the appellants that the instruction as to exemplary damages was unauthorized, for the reason that punitory damages can only be recovered where the plaintiff has shown himself entitled to substantial damages. There are respectable authorities which hold that a recovery of exemplary damages can not be upheld, where the actual injury is purely nominal. The best reasoned case on that side of the question is that of *Stacy v. Portland Publishing Co.*, 68 Me. 279. That was a suit for libel, and the recovery was $1. The plaintiff complained of the refusal of the court to instruct the jury that punitive damages might be recovered in the case. In disposing of the assignment the court said: "The legal signification of the verdict is, either that there was no actual or express malice entertained towards the plaintiff by the defendant's agent, or that, if there was, it did the plaintiff no injury. There is no room for punitive damages here. There is no foundation for them to attach to or rest upon. It is said, in vindication of the theory of punitive damages,

that the interests of the individual injured and of the society are blended. Here the interests of society have virtually nothing to blend with. If the individual has but a nominal interest, society can have none. Such damages are to be awarded against a defendant for punishment. But, if all the individual injury is merely technical and theoretical, what is the punishment to be inflicted for? If a plaintiff, upon all such elements of injury as were open to him, is entitled to recover but nominal damages, shall he be the recipient of penalties awarded on account of an injury or a supposed injury to others beside himself? If there was enough in the defense to mitigate the damages to the individual, so did it mitigate the damages to the public as well. Punitive damages are the last to be assessed, in the elements of injury to be considered by a jury, and should be the first be rejected by facts in mitigation."

But there is a line of decisions, equally respectable, which hold to the contrary. *Alabama, etc., Railroad Co. v. Sellers*, 93 Ala. 9; *Wilson v. Vaughn,* 23 Fed. Rep. 229; *Hefley v. Baker*, 19 Kan. 9; 1 Sedgwick on Damages [8 Ed.], sec. 361.

The question is one concerning which much may be said on both sides. It is not necessary, however, for for us to determine which is, in our opinion, the better rule, for the reason that the facts of the case here do not bring it within the reasoning of the decision in *Stacy v. Publishing Co., supra.* Here the injury inflicted was not theoretical or fanciful, but quite substantial, and the plaintiff was only precluded from recovering substantial damages because of the state of the pleadings. We will, therefore, overrule the assignment.

Finally, it is insisted that the judgment, notwithstanding the *remittitur*, is still excessive. It is the rule in this state that appellate courts may reconstruct verdicts, in cases like we have here, by suggesting *remitti-*

*turs*; but, to authorize such interference, it must appear that injustice has been done (*Walser v. Thies*, 56 Mo. 89), and, in determining the question, great weight ought to be given to the opinion of the trial judge. Under the circumstances we are inclined to let the judgment stand. It is a good round sum, but it is shown that Cottrill is worth $50,000 or $60,000, and the facts, as disclosed by plaintiff's evidence, demand severe punishment. Under the direct orders of Cottrill the plaintiff's bill boards were cut down and his advertisement covered up, with the avowed purpose of driving the plaintiff out of business. It would be difficult to say what would be excessive punishment for such highhanded conduct.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. All the judges concur.