NELLIE ANDERSON v. FRANK E. SETTERGREN and Others.[1]

March 15, 1907.

Nos. 14,888—(84).

**Neglect of Statutory Duty.**

In order that the complainant may recover for failure to perform a statutory duty, he must show (a) that he is within the class for whose benefit legislation creating not a purely public duty was designed; (b) that there was a violation of statutory requirement by the defendant; and (c) that he suffered damage as the proximate result of such violation.

**Possession of Firearms by Minor.**

Section 6946, G. S. 1894, made it unlawful for a minor under the age of fourteen, not accompanied by parent or guardian, to have possession or control of firearms, and made it a misdemeanor to aid or knowingly permit a minor of such age, save in the excepted cases, to violate the same. A complaint alleged that hardware merchants loaned a rifle and sold cartridges to a minor known to be only thirteen years of age, and to be careless and negligent in the use of firearms; that the minor began to shoot with the gun and cartridges in every direction, and damaged plaintiff. It is *held* that it was not demurrable.

**Proximate Cause.**

The defendant's wrong was in law the proximate cause of the damage, despite the intervention of the minor.

Appeal by plaintiff from a judgment of the district court for Meeker county, entered pursuant to an order of Powers, J., granting a motion for judgment on the pleadings. Reversed.

The complaint alleged the following facts: The defendants and respondents were copartners in the general hardware business, and kept for sale and sold guns, ammunition, rifles, cartridges, and other articles of a similar nature. On April 1, 1904, the defendants wrongfully and unlawfully, carelessly and negligently, loaned a 22-caliber rifle and sold cartridges loaded with powder and ball to a minor only thirteen years of age, although the defendants well knew that he was a minor only thirteen years of age, and as such was of insufficient age and discretion to understand and comprehend the dangerous nature

[1] Reported in 111 N. W. 279.

of such articles, and also well knew that he was careless and negligent in the use of the same, and would be liable to injure the plaintiff and other people of the village. After the defendants had so loaned him the rifle and sold him the cartridges, the minor went out into the streets and vacant lots of the village and began to shoot with the gun and cartridges in every direction, without regard to public safety. One of the bullets so fired by him from such rifle and cartridges came through the door of the house where plaintiff was then living, and, without any carelessness or negligence on her part, struck her in the arm and caused a severe injury. It alleged that the sale of the cartridges was in violation of statute. The answer was substantially a general denial.

When the case came on for trial, the defendants made a motion for judgment upon the pleadings in their favor. The court granted this motion. Plaintiff duly excepted. In pursuance of that order judgment was entered in favor of the defendants. Plaintiff brought this appeal from such judgment.

*Jno. W. Arctander* and *John N. Berg,* for appellant.

*Foster & Stites,* for respondents.

JAGGARD, J. (after stating the facts as above).

The statute (section 6946, G. S. 1894) in force at the time when the facts in this case occurred provided:

> That it shall be unlawful for any minor person under the age of fourteen years to handle or have in his possession or control, except while accompanied by or under the immediate charge of his parent or guardian, any firearm of any species whatever, for hunting or target practice, or any other purpose whatever. And any one violating any of the provisions of this act, or aiding or knowingly permitting any minor person of such age, except as herein provided, to violate the same, shall be deemed guilty of a misdemeanor.

Plaintiff claims that the fact of the defendants' violation of this statute constituted negligence per se, and established a prima facie case in favor of the plaintiff. In order that a complainant may recover in accordance with the general law for failure to perform a

statutory duty, he must show (a) that he is within the class for whose benefit legislation creating not a purely public duty was designed; (b) that there was violation of statutory requirement by the defendant; and (c) that he suffered damage as the proximate result of such violation.

The wrong is commonly described as negligence, or a "sort of negligence." 1 Street, Foundation of Liability, "Tort," 172. It may be more accurate to say that the failure to comply with statutory enactments may be prima facie evidence of such wrongdoing as to give rise to a cause of action ex delicto, the common-law remedy for which was an action on the case. However this may be regarded, the essential fact of prima facie liability is well established by the authorities generally and in this state. Osborne v. McMasters, 40 Minn. 103, 41 N. W. 543, 12 Am. St. 698; Bott v. Pratt, 33 Minn. 323, 23 N. W. 237, 53 Am. 47; Christianson v. Northwestern Compo-Board Co., 83 Minn. 25, 85 N. W. 826, 85 Am. St. 440; Baxter v. Coughlin, 70 Minn. 1, 72 N. W. 797; Tvedt v. Wheeler, 70 Minn. 161, 72 N. W. 1062; Rosse v. St. Paul & D. Ry. Co., 68 Minn. 216, 71 N. W. 20, 37 L. R. A. 591, 64 Am. St. 472; Perry v. Tozer, 90 Minn. 431, 97 N. W. 137, 101 Am. St. 416; McGinty v. Waterman, 93 Minn. 242, 101 N. W. 300. Many cases in other states will be found collected in 21 Am. & Eng. Enc. (2d Ed.) 460, note 7; Id. p. 470; Id. p. 478; and the later cases in 6 Current Law, p. 751, notes 7 and 8.

The first question in this case is whether the statute referred to created a duty for the benefit of private persons, and, if it did, whether plaintiff was within the class for whose benefit it was designed. A series of cases has held that if the duty prescribed by the statute is wholly public, and not at all for the benefit of private individuals, no private person can recover for its violation. The leading case to this effect is Atkinson v. Newcastle, L. R. 2 Exch. Div. 441. And see Hayes v. Michigan Cent. R. Co., 111 U. S. 228, 239, 4 Sup. Ct. 369, 28 L. Ed. 410, and cases therein cited; 21 Am. & Eng. Enc. (2d Ed.) p. 482, collecting cases. There are also authorities to the effect that a statute may create, not only a public duty, but a duty to private persons, the breach of which may be actionable negligence, yet an individual may not be able to recover because he is not of the class of persons for whose benefit the statute was designed. For example,

see Kansas City, Ft. S. & M. R. Co. v. Kirksey, 9 C. C. A. 321, 60 Fed. 999; Akers v. Chicago, St. P., M. & O. Ry. Co., 58 Minn. 540, 60 N. W. 669. But the present general, if not universal, trend of American authorities, is to construe legislative enactments of this type as creating a duty to both the public and to private individuals, and to liberally interpret the class of persons for whose benefit the law was made.

The precise question presented by the instant case has never been before this court. The plaintiff is clearly within the class for the avoidance of evil to which the law was enacted. The general principle involved is within the spirit, if not the letter, of the decisions previously cited under which recovery of damages has been sustained.

In Binford v. Johnston, 82 Ind. 426, 42 Am. 508, the complaint alleged that the defendant sold to two sons of the plaintiff, aged ten and twelve years, cartridges loaded with powder and ball, for use in a toy pistol, and instructed the boys in their use, well knowing the dangerous character thereof, and that they were too young to be trusted with such articles; that the boys left the toy pistol loaded with one cartridge on the floor of their home, where a younger brother, aged six years, picked it up and discharged it, the ball inflicting a wound on one of the other boys, from which he died. The complaint also showed that the cartridges were sold in violation of an express statute. It was held that the complaint was good on demurrer; that the sale of the cartridges, being in violation of the criminal law, was of itself an act of negligence by the defendant; and that the court might properly so instruct as a conclusion of law. And see 1 Street, Foundation of Liability, 172.

The soundness of this conclusion is evident in view of the relevant common-law rule. Inasmuch as firearms are instruments whose destructive power is obvious to every one, the common law imposed strict rules of liability for damage done by them. When the damage resulted from the discharge of firearms actually in hand or under the immediate control, the person having them under control was held to be almost absolutely responsible. See Tally v. Ayers, 3 Sneed, 681; Morgan v. Cox, 22 Mo. 373, 66 Am. Dec. 623; Judd v. Ballard, 66 Vt. 668, 30 Atl. 96.

On the question of responsibility for harm done by firearms not directly under a man's control, Dixon v. Bell, 5 Maule & S. 198, is commonly referred to as the leading case. Bigelow's Lead. Cas. 568. It illustrates the strictness with which liability is enforced in such cases. Its authority has not been disputed. The plaintiff and defendant both lodged at the house of one Leman, where the defendant kept a gun loaded, in consequence of recent local robberies. The defendant left the house, and sent a mulatto girl of the age of about fourteen for the gun, desiring Leman to take the priming out and to give it to her. Leman accordingly took out the priming, so told the girl, and delivered the gun to her. She soon afterwards presented it, in play, at the plaintiff's child, and drew the trigger. The gun went off and inflicted serious injury. Some of the priming had either been left or some grains of powder escaped through the touchhole. The defendant was held liable, on the theory that he was chargeable with the negligence of Leman. He was also to blame for sending an indiscreet person to fetch the gun. In a late Irish case (Sullivan v. Creed [1904] 2 Ir. 317) it appeared that the possessor of a gun placed it near a private path in a field. A casual passerby took it up and carelessly wounded the plaintiff with it. It was held that the person who left the gun in the place where it was found by the intermeddler was responsible for the damage which was done by it. And see Lynch v. Nurdin, 1 Q. B. 29; Carter v. Towne, 98 Mass. 567, 96 Am. Dec. 682; Mattson v. Minnesota & N. W. R. Co., 95 Minn. 477, 104 N. W. 443, 70 L. R. A. 503, and note in 14 L. R. A. 675. The test of liability in such cases is, not whether the injury was accidentally inflicted, but whether the defendant is free from blame. Atchison v. Dullam, 16 Ill. App. 42; Bahel v. Manning, 112 Mich. 24, 70 N. W. 327, 36 L. R. A. 523, 67 Am. St. 381.

2. The respondents essentially admit the principle of law thus sustained, but insist that here there was an efficient cause intervening between the unlawful act and the injury, and that therefore the person who violated the statute was not liable for the damage. This objection is practically disposed of by the authorities to which reference has been made. In almost every case of this class there has been a corresponding intervening act contributing as a condition, if not as a cause, to the injury complained of. The conclusion of liability, never-

theless, has been generally reached. In this as in most other instances before the court there are inconsistent authorities, but we think the conclusion of liability is a proper one. The reasoning is simple and obvious. "Every man must be taken to contemplate the probable consequences of the act he does." Lord Ellenborough, in Townsend v. Wathen, 9 East, 277. And see Binford v. Johnston, supra.

3. The defendants also raise a number of objections to the form of the pleading. It does not appear that they could have been misled; but, on the contrary, it does appear that they were not misled by mere allegations which did not state directly and positively certain facts but only recited them. These facts may or may not prove to be material. It is undoubtedly true that some of the earlier decisions sustain the defendants' contentions, but current and proper practice does not give them sufficient force to make the imperfections of the complaint and its inartistic characteristics an adequate basis for directing judgment for the defendants when the cause came on for trial.

Judgment reversed.