# PATRICK R. HOWLEY v. HUGH R. SCOTT and Another.[1]

October 10, 1913.

Nos. 18,202—(260).

**Taxation — neglect of duty by county officers — complaint — demurrer.**

Plaintiff, a nonresident owner of real estate in this state, omitted through inadvertence and forgetfulness, to pay the taxes on his property for the last half of the year 1901. The property was sold for this unpaid tax in 1903, the time for redemption expired, and in an action to determine adverse claims it was adjudged that the certificate-holder was the owner of the land free from any claim of defendant, the present plaintiff. The county auditor did not, at any time after such tax sale, place on the tax list furnished the county treasurer the words "Sold for taxes" opposite the description of plaintiff's land, nor did the county treasurer write or stamp said words on the receipts for taxes paid by plaintiff after such sale and before the time to redeem expired. Had the words "Sold for taxes" been written or stamped on such receipts, plaintiff would have redeemed from such sale. Plaintiff had no notice of such sale or of the action to determine adverse claims until after the judgment therein was entered. The complaint alleges in substance the foregoing facts, and demands of defendants, the county auditor and treasurer, judgment for the value of the property. It is *held:*

(1) The facts pleaded show a failure by the county auditor to perform a duty imposed upon him by R. L. 1905, § 871.

(2) A public officer is liable for the failure or neglect to perform a duty imposed upon him by statute when such a duty is a ministerial one, when the person injured is one to whom performance was due and when the failure to perform is the proximate cause of the injury sustained. The duty imposed by R. L. 1905, § 871, on the auditor, and the duty imposed by R. L. 1905, § 881, on the treasurer, are ministerial duties, and plaintiff was one to whom performance of such duties was due.

(3) Though plaintiff was negligent originally in failing to pay the tax, the failure of the auditor to place the words "Sold for taxes" on the list furnished the treasurer was the proximate cause of plaintiff's loss. Assuming that the treasurer failed to perform a duty imposed on him by statute, such failure was a proximate cause of plaintiff's loss.

(4) Whether the treasurer, in failing to write or stamp the words "Sold for taxes" on the tax receipts furnished plaintiff, failed to perform a statu-

[1] Reported in 143 N. W. 257.

tory duty, if the lists furnished him by the auditor did not show the land had been "Sold for taxes," is not decided.

(5) The complaint states a cause of action at least as against the defendant auditor, and the joint demurrer of both defendants was properly overruled.

Action in the district court for Hennepin county to recover $500 from Hugh R. Scott for neglect of his duty as auditor of Hennepin county and from Henry C. Hanke for neglect of his duty as treasurer of that county. From an order overruling defendants' demurrer to the complaint, Leary, J., they appealed. Affirmed.

*R. S. Wiggin,* for appellants.

*John F. Byers,* for respondent.

BUNN, J.

This is an appeal by defendant from an order overruling their joint demurrer to the complaint.

The facts alleged in the pleading attacked by the demurrer are as follows:

Defendant Scott was the auditor of Hennepin county from January 1, 1901, to December 31, 1910. Defendant Hanke was the treasurer of the county from December 20, 1904, to the time the action was commenced. Plaintiff since 1889 has resided in the state of Washington, and has owned a lot in Minneapolis until divested of his title as hereinafter set forth. From 1889 to 1908 it was the custom of plaintiff to write to the treasurer of Hennepin county each year for a statement of the taxes on said lot for the preceding year, to receive such a statement, to forward the money to pay such taxes and to receive a receipt for such payment. In the year 1902 plaintiff received from the treasurer a statement showing one-half of the taxes for 1901, instead of the whole tax, as had heretofore been the custom. He paid this half tax, but "through mistake and oversight failed to pay the other half thereof, and thereafter wholly forgot about said tax." In May, 1903, the land was sold at a tax sale for the unpaid 1901 tax, and was "bid in by the state." There being no redemption from this sale, the land was sold in 1906 at the forfeited sale to Hicks & Co. for the sum of $16.31. Thereafter

Hicks & Co. caused notice of expiration of redemption to be served by publication, and, after the time for redemption expired, brought an action against plaintiff; the summons was served by publication, and judgment by default entered adjudging that Hicks & Co. was the owner in fee of the land as against any claim of plaintiff. This judgment was entered and docketed in December, 1907. The value of the land at this date was $500. Plaintiff never had any notice of the delinquency of the taxes, of either of the tax sales, of the action, or of the rendition of judgment therein, until October, 1908.

Defendant Scott, who had, as auditor, made the tax sales before mentioned, did not at any time during any of the years following place opposite the description of the property upon the tax lists he was required by law to make out and deliver to the treasurer, the words "Sold for taxes," as he was required to do by R. L. 1905, § 875.

The payments of taxes for the years 1904, 1905, 1906 and 1907 were made by plaintiff to defendant Hanke as treasurer upon statements of such taxes made by said defendant, and plaintiff received a number of receipts from said defendant. Said defendant did not place or cause to be placed upon said tax statements or upon any of said tax receipts so issued by him to plaintiff, the words "Sold for taxes," as by R. L. 1905, § 881, he is required to do.

If defendants had not failed and neglected to do and perform their said statutory duties, and plaintiff had been informed by them in the manner required by said statutes, or in any manner, plaintiff could and would have paid the said taxes for which said land was so sold and could and would have redeemed it at the aforesaid tax sale. By the neglect and failure of said defendants to perform their said official duties, plaintiff has been damaged in the sum of $500. Judgment is asked for said sum with interest from December 19, 1907.

1. The facts pleaded, if true, show that the auditor, if not the treasurer, failed to perform a duty imposed upon him by statute. R. L. 1905, § 875, provides that the auditor shall make out the tax lists to correspond with the assessment books in reference to ownership and description of property, and that "opposite each description

123 M.—11.

which has been sold for taxes, and which is subject to redemption, but not redeemed, shall be placed the words 'Sold for taxes.' " By section 878, the auditor is required to deliver these lists to the county treasurer on or before the first Monday in January in each year. These lists constitute the authority for the treasurer to receive and collect the taxes therein levied.

By section 881 the treasurer, upon the payment of any tax, is required to give to the person paying a receipt therefor. It is provided that "If land has been sold for taxes either to a purchaser or to the state, and the time for redemption from such sale has not expired, the receipt for such taxes shall have written or stamped across the face, 'Sold for taxes.' "

These provisions can have no other object than to give the property owner, who had failed or neglected for any reason to pay his taxes for any year, notice, before the right to redeem has been lost, that his property has been sold for such taxes. He may gain this information by an examination of the tax lists, but he is certain to acquire it from the receipt given for the payment of the taxes for any year subsequent to the sale and before the time to redeem expires. This is clearly an important notice to the landowner. He may, through illness, inadvertence, mistake or even neglect, fail to pay all or some part of a certain year's taxes. As the complaint in the present case alleges, he may forget all about the fact that he had failed to pay. No notice of the delinquency or of the sale reaches him. Though he has not intended to let his property go, as evidenced by his regular payment of subsequent taxes, he loses it unless, before the time to redeem expires, his attention is called to the fact that it has been "Sold for taxes." These statutory provisions, if followed by the auditor and treasurer, tell the delinquent taxpayer that he must redeem from the sale, or lose his property. It is highly probable in the case of a nonresident owner that it is the only notice he has.

2. The liability of a public officer for the failure or neglect to perform a duty imposed upon him by statute is clear (1) when such duty is a ministerial one, (2) when the person injured is one to whom performance was due, and (3) when the failure to perform is the

proximate cause of the injury sustained. State v. Ruth, 9 S. D. 84,. 68 N. W. 189; Amy v. Supervisors, 11 Wall. 136, 20 L. ed. 101;. Anderson v. Settergren, 100 Minn. 294, 111 N. W. 279.

The duties imposed by the statutes on the auditor and treasurer are plainly ministerial. It is equally clear that plaintiff is one to whom performance of the duty was due, as we have already stated. The only doubt is whether the failure to perform this duty was the proximate cause of plaintiff's loss of his land.

3. We must take as true the allegation of the complaint that plaintiff would have redeemed from the tax sale had he learned of it from a receipt stamped "Sold for taxes." After learning in October, 1908, of the sale and the judgment in the action to determine adverse claims, he might have applied successfully to open the judgment and defend, but there is nothing in the complaint to indicate that the tax sale or the notice of expiration was not valid, and we must assume, as against a demurrer, that he would not have succeeded in saving his land, even if he had defended the action. It is undoubtedly true that the neglect or failure of the officer must appear to be the proximate, and not the remote, cause of the loss. Of course if plaintiff had not forgotten to pay the last half tax for 1901, or if he had remembered later that he had not paid it, the loss would not have occurred. But the statutes, in our opinion, were enacted for the very purpose of protecting taxpayers who forget, or by accident, or even negligence, fail to pay their taxes. To hold, because plaintiff was careless in omitting to pay the tax, that his negligence and not that of defendants was the proximate cause, would be to defeat the very object of the statutes. The negligence of the defendants was after plaintiff's negligence. Had they performed the duties imposed on them by the statutes, the injury would not have happened. The complaint shows no want of care on the part of plaintiff that was concurrent with or subsequent to defendants' failure to perform their duties. On the plainest principles of the law of proximate cause, it cannot be said that plaintiff's failure to pay the tax or to remember that he had failed to pay it, was legally the proximate cause of his loss, or a contributing cause. The case is analogous to one where plaintiff, by his own negligence, gets into a position of

danger, and defendant, seeing his peril, fails to use ordinary care to avoid injuring him. The negligence of the defendant, in such a case, is the proximate cause, and plaintiff's negligence does not defeat a recovery. Had the auditor in this case stamped the words "Sold for taxes" on the list furnished the treasurer, and had the latter stamped the same words on the receipts furnished plaintiff, we must presume, taking as true the allegations of the complaint, that plaintiff would have redeemed from the sale. In other words the loss would not have occurred had the defendants performed their duty. It was a duty imposed by statute. We hold that the proximate cause of plaintiff's loss was this failure of duty on the part of one or both of the defendants.

4. We have thus far assumed that the complaint alleges a failure of duty on the part of both the auditor and the treasurer. We do not, however, decide that it shows a failure of duty on the part of the treasurer. The difficulty here is as to the construction of section 881, which in terms makes it the absolute duty of the treasurer to write or stamp the words "Sold for taxes" on a tax receipt, while it does not seem that this ought to be his duty where the fact that the land had been "Sold for taxes" is not stated on the list furnished by the auditor, and is not ascertainable from the treasurer's books. This feature of the case received no attention in the briefs, and we feel that we ought not to determine the question without argument, especially as it is not necessary to do so. Of course the question arises only in case, as alleged in the complaint, the words "Sold for taxes," were not placed opposite the description of plaintiff's property on the list furnished the treasurer by the auditor.

5. We hold that the complaint states a cause of action at least as against defendant Scott, the former auditor, and it follows that the joint demurrer of both defendants was properly overruled.

Order affirmed.