# JOHN THOLKES v. EVO DECOCK and Another.[1]

May 29, 1914.

Nos. 18,692—(133).

**Negligence of public officers.**

1. Public officers are answerable to private persons for injuries resulting from the negligent performance of their ministerial duties.

**Same — town highways.**

2. The rule applies to township highway officers.

**Defendants held liable.**

3. Defendants, township highway officers, in the repair of a road within their district, removed a culvert extending across the same, and negligently and carelessly left the ditch resulting from the removal of the culvert open and exposed over night, without lights, guards or warnings of any kind, and plaintiff, while traveling along the road unaware of the dangerous condition thereof as negligently left by such officers, was injured; it is *held* that defendants are liable for the injuries thus occasioned, notwithstanding the fact that the town of which they were officers is not liable.

Action in the district court for Lyon county to recover $1,000 from defendant DeCock, road overseer, and defendant DeLanghe. The case was tried before Olsen, J., who granted defendants' motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Gislason & Gislason,* for appellant.

*Virgil B. Seward* and *Davis & Michel,* for respondent.

BROWN, C. J.

Defendant DeCock is the road overseer of the highway district in which he resides, charged with the statutory duties pertaining to that

[1] Reported in 147 N. W. 648.

Note.—Upon the personal liability of highway officers for negligence, see note in 22 L.R.A. 824.

As to the personal liability of highway officers for acts in excess of their authority, see note in 13 L.R.A.(N.S.) 233.

office.   On September 23, 1912, one of the roads within his district
became out of repair and, acting within his authority, he employed
defendant DeLanghe to make the necessary repairs.   The repairs re-
quired and undertaken consisted in the removal of an old bridge or
culvert, replacing the same with a new one.   Defendant DeLanghe
entered upon the performance of this work; he removed the old cul-
vert, and left the excavation created by such removal open and ex-
posed during the night without guards, lights or other warnings to
the traveling public, and plaintiff, traveling along the road with his
automobile at some hour after dark, ran into the ditch or excavation
so created and received the injuries of which he here complains.
The complaint sufficiently charges negligence upon the part of both
defendants, in the failure to erect guards or place lights at the exca-
vation, as a warning to those traveling upon the road, and we assume,
in disposing of the case, that both were equally under legal obliga-
tions to guard the excavation, extending across the traveled part of
the road, and to protect travelers thereon from harm.   In other words
we give no consideration to the fact that one of the defendants was
an officer and the other an employee.   They are both charged with
negligence in the respect stated, and are treated for present purposes
as jointly liable.   The evidence when the case is tried may change the
situation entirely.   On the trial below the court, on the joint motion
of defendants, dismissed the action, on the ground that the com-
plaint failed to state a cause of action against either defendant.
Plaintiff appealed from an order denying a new trial.

It is thoroughly settled law in this state that towns are not liable
for injuries resulting from defects in the public highways, whether
such defects arise from the nonfeasance or misfeasance of the town-
ship officers, except perhaps in the instances involved in Peters v.
Town of Fergus Falls, 35 Minn. 549, 29 N. W. 586, as the rule of
that case was explained and limited in Weltsch v. Town of Stark, 65
Minn. 5, 67 N. W. 648.   The original case holding to the rule of
nonliability, and distinguishing between town and other municipal
corporations (Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W.
877, 14 Am. Rep. 191) has been uniformly adhered to in subsequent
cases.   2 Notes on Minn. Reports, 375.   But the further question, the

one on which this case turned in the court below, namely, whether the highway officers are liable for the negligent performance of their duties in respect to the care of public highways, where the town is not liable, has not heretofore come before us for decision, and is now presented for the first time. The question has been presented to the courts of other states with different results.

The liability of public officers for the negligent failure to discharge ministerial duties expressly imposed upon them by law, in consequence of which injury is suffered by an individual member of the community, is well settled. The general rule is tersely stated by Mr. Justice Bunn in Howley v. Scott, 123 Minn. 159, 143 N. W. 257, and as there laid down is followed and applied by practically all the courts. 23 Am. & Eng. Enc. (2d ed.) 377; 2 Sherman & R. Neg. 303, et seq.; County Comm. v. Duckett, [20 Md. 468] 83 Am. Dec. 557, and note. 1 Dillon, Mun. Corp. (5th ed.) § 438. This is true notwithstanding the fact that the county, town, or other municipality which they may represent is not responsible at the suit of a private person either for their nonfeasance or misfeasance. The wrong of the officer is not the wrong of the municipal subdivision he may represent, but that of the officer, and he alone is responsible therefor, except perhaps where by law the municipality is equally liable. The county is not responsible to private persons for the torts of its sheriff, county auditor or other officer, yet the officer himself, for his negligence in respect to the performance of his ministerial duties, is liable to any person who may suffer in consequence of such neglect. Rosenthal v. Davenport, 38 Minn. 543, 38 N. W. 618; Selover v. Sheardown, 73 Minn. 393, 76 N. W. 50, 72 Am. St. 627. And, with this general rule of liability in mind, it is a little difficult to conceive of a logical or consistent theory on which town road officers may be exempted therefrom. Their situation is precisely like that of other public officers who are liable though the municipality they represent is not, and can be relieved only by declaring in their favor an exception to the rule for which we find no sufficient reason. It is the wrongful conduct of the officer of which complaint is made, and to hold him answerable therefor, accords to the injured party the remedy guaranteed by the law of the land, whereas, to relieve

him of such wrong would result in leaving the injured party wholly without a remedy. It is no doubt competent for the legislature to relieve municipal corporations from liability for defects in their streets and public places. Batdorf v. Oregon City, 53 Ore. 402, 100 Pac. 937; and authorities cited in note in 18 Ann. Cas. 289. But the court in that case held that a statute, relieving both the municipality and its officers, was a violation of that provision of the state Constitution, by which every citizen is guaranteed a certain remedy in the law for all injuries to his person or property. In this state the town is relieved from liability for defects in its roads and highways by a rule of the court, not by statute, and for the court to go one step further, and relieve also the town officers for their negligence in failing to maintain them in reasonably safe condition for public use, especially in a case like that at bar where there appears an affirmative act of misconduct, not mere nonfeasance or failure to act at all, would seem not warranted or justified by the general principles of the law applicable to the question.

And, moreover, we think the authorities sustain the rule of liability in such cases. It is true that in Kentucky the contrary is held to be the law of that state. Schneider v. Cahill (Ky.) 127 S. W. 143, 27 L.R.A.(N.S.) 1009. But liability is affirmed in California, New York and Wisconsin. Doeg v. Cook, 126 Cal. 213, 58 Pac. 707, 77 Am. St. 171; Bennett v. Whitney, 94 N. Y. 302; Hover v. Barkhoof, 44 N. Y. 113; Piercy v. Averill, 37 Hun, 360; Robinson v. Rohr, 73 Wis. 436, 40 N. W. 668, 2 L.R.A. 366, 9 Am. St. 810. In the last case cited it was expressly held that the city there involved was not liable for negligence in the work of repairing a bridge, but recovery against the officers having charge of the work was granted, and the opinion of the court clearly states the legal basis for that result. The question was squarely presented in the California case cited and liability on the part of the officers affirmed. The New York cases do not appear upon their face to have involved the precise question, but it is pointed out in the Piercy case, supra, that in Bennet v. Whitney, supra, the charter of the municipality expressly exempted the corporation from liability for defects in its streets, and the court, with that exemption before it, held that the officers

were liable for their negligence in failing to repair the roads under their charge. It is also stated in Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473, that prior to 1881, the primary responsibility for injury from defective streets was upon the highway commissioners, and was changed by act of legislature that year and transferred to the towns of the state. So that when the decisions cited were rendered, there was no liability on the part of the town for defects in its roads and highways, at least no primary liability, and the decisions referred to are here in point. See also Fitzpatrick v. Slocum, 89 N. Y. 358, where it was said [p. 365] that "there must be a remedy in such a case, where one is injured without fault of his own by a defect in one of the streets or bridges of the city, either against the city or some of its officers." Bieling v. City of Brooklyn, 120 N. Y. 104, 24 N. E. 389; and Solberg v. Schlosser, 20 N. D. 307, 127 N. W. 91, 30 L.R.A.(N.S.) 1111. There can be no question that the work of repairing highways involves ministerial duties only, so far as concerns the actual work of repair. Tearney v. Smith, 86 Ill. 391.

We accordingly hold that the fact the towns of the state are not liable for defects in their roads or highways, or for the negligence of the officers thereof in the case of the same, does not relieve such officers from the consequences of their negligence in exposing the traveling public to injury from defects occasioned in the affirmative act of repairs. The authorities seem to differentiate to some extent between acts of nonfeasance, that is, a failure to make repairs when needed, and positive acts of negligence in making such repairs, or misfeasance. We do not deem it necessary to discuss this phase of the question. It is unnecessary. We have here affirmative misconduct, and, according to the allegations of the complaint, gross negligence on the part of defendants; in attempting to repair the road in question, they removed a culvert therein and left exposed over night, without warnings of any kind, the trench across the roadway which was a trap to those traveling upon the road, and inevitably likely to cause them serious injury. In such a case there can be no serious question of liability. Nor do we consider what fact or facts might or might not relieve defendants or either of them from liability.

Questions of that kind may arise on the trial, and will be disposed of by the trial court in harmony with the general rules of the law of negligence, as applicable to cases of this kind. We simply hold that the complaint states on its face a cause of action against both defendants.

Order reversed.