## PATRICK R. HOWLEY v. HUGH R. SCOTT.[1]

July 3, 1914.

Nos. 18,679—(211).

**County treasurer — failure to stamp tax receipt.**

A county treasurer, in failing to write or stamp the words "Sold for taxes" on a tax receipt, is not guilty of a breach of a statutory duty unless the tax list furnished him by the county auditor shows that the land has been "Sold for taxes."

After the former appeal reported in 123 Minn. 159, 143 N. W. 257, defendant Hanke interposed a separate demurrer to the complaint. The demurrer was sustained, Jelley, J. From the order overruling the demurrer, plaintiff appealed. Affirmed.

*John F. Beyers,* for appellant.

*R. S. Wiggin,* for respondent.

BUNN, J.

This case was here before on an appeal by defendants from an order overruling their joint demurrer to the complaint. Howley v. Scott, 123 Minn. 159, 143 N. W. 257. We held that a cause of

[1] Reported in 148 N. W. 116.

action was stated as against the defendant Scott, former auditor of Hennepin county, but we did not determine whether the complaint showed a failure of duty on the part of defendant Hanke, the county treasurer. After this decision, affirming the order overruling defendant's joint demurrer, defendant Hanke, on leave granted by the trial court, interposed a separate demurrer to the complaint. This was sustained, and plaintiff appealed.

The allegations of the pleading attacked by this demurrer are fully stated in the former opinion. We need but state here the particular facts that bear on the single question left undetermined by that decision: Whether the treasurer is liable, under R. L. 1905, § 881, for failure to stamp the words "Sold for taxes" on a tax receipt when in fact the land had been sold for taxes, but when the list furnished the treasurer by the auditor does not so show. The complaint distinctly alleged that the auditor did not, at any time during the years following the sales, place the words "Sold for taxes" opposite the description of plaintiff's property upon the list which the statute requires him to make and deliver on or before the first Monday in January in each year to the county treasurer. R. L. 1905, §§ 875, 878. We must therefore treat this as the fact.

As pointed out in the opinion on the former appeal R. L. 1905, § 881, when considered by itself, in terms makes it the absolute duty of the treasurer to write or stamp the words "Sold for taxes" on a tax receipt. But, to quote from that opinion: "It does not seem that this ought to be his duty where the fact that the land had been 'sold for taxes' is not stated on the list furnished by the auditor, and is not ascertainable from the treasurer's books." What the treasurer's duty ought to be is of course not the question before us, but it has a bearing in determining the intent of the legislature. It is clear that sections 875, 878 and 881 should be read together, and that we may consider the history of the requirement that the auditor stamp on the list and the treasurer on tax receipts the words "Sold for taxes." Prior to Laws 1902, p. 1, c. 2, the law required the treasurer, where the land had been sold for taxes within two years and was unredeemed, to stamp upon the face of receipts the words "Sold for taxes," *provided* "that to enable the treasurer to comply

with the foregoing provision the county auditor shall, before delivering the tax lists to the treasurer, note on said lists opposite all tracts which may have been sold for taxes  *  *  *  and remaining unredeemed, the words 'Sold for taxes.'"  G. S. 1894, § 1565.

Laws 1902, p. 42, c. 2, § 87, was as follows:

"When the county auditor prepares for the county treasurer the tax list on real property he shall place opposite each description which shall have been sold for taxes from which redemption has not been made and which is subject to redemption the words 'Sold for taxes.'"

"In case any land has been sold for taxes  *  *  *  and the time for redemption from such sale has not expired, it shall be the duty of the county treasurer to write or stamp across the face of any receipt given by him for taxes on said land the words 'Sold for taxes.'"

It is plain that under the proviso in section 1565, G. S. 1894, the treasurer was not required to stamp the words sold for taxes on a receipt, unless the auditor had noted the fact on the list delivered to the treasurer. It does not seem to us that section 87, c. 2, p. 42, Laws 1902, was intended to change the law in this respect. It first prescribes the duty of the auditor, and then that of the treasurer. Presumably the legislature assumed that the auditor would do his duty, and that the treasurer would thus have before him the information necessary to enable him to determine what land had been sold for taxes and was unredeemed. Under the language of the section the auditor prepares the list "for the county treasurer."

There is no basis for a claim that the revisers or the legislature intended to change the law as to the duties of either officer when they incorporated in section 875, prescribing the duties of the auditor, the first paragraph of section 87, c. 1, p. 42, Laws 1902, and in section 881, relating to the duty of the treasurer to issue receipts for taxes paid, the second paragraph of that section. We are of the opinion that section 881, construed in connection with sections 875 and 878, and in the light of the statutory history of the provision, does not make it the duty of the treasurer to stamp the words "Sold for taxes" on a receipt, unless the fact that the land has been sold for

126 M.—18.

taxes appears from the list furnished by the county auditor. The tax list furnished by the auditor, with the certificate of the auditor as required by the statute, is the only authority the treasurer has to receive or collect taxes. R. L. 1905, § 878. Nelson v. Becker, 63 Minn. 61, 65 N. W. 119. The treasurer does not keep books that show what land has been sold for taxes. The auditor does. It is urged that the treasurer has other means of information. It is true that he is required to attend the tax sale and "receive all moneys paid thereon" R. L. 1905, § 928. But he is required to keep no record of the lands sold, or of redemptions made, though he receives the moneys paid on redemption. It is also true that it might be possible for the treasurer to examine the books in the auditor's office each time a property owner paid his taxes. But we fail to see any practical way in which the treasurer can acquire the information that a particular lot has been sold for taxes, and is subject to redemption, except from the list showing these facts that the law requires the auditor to furnish him annually. It is presumed that the auditor has done his duty. When the words "Sold for taxes" do not appear opposite a description on the list, it is presumed that the property has not been sold for taxes, or, if it has, that redemption has been made, or that the time for redemption has expired. We think the treasurer has the right to rely on this presumption. To hold otherwise would be to impose a burden on the treasurer that we do not think the law contemplates that he should bear.

Our conclusion is in accord with that reached by the trial court. The complaint shows no breach of a statutory duty by the defendant Hanke.

Order affirmed.