## OTTO A. BOLLAND AND ANOTHER v. JOHN GIHLSTORF AND OTHERS.[1]

July 14, 1916.

Nos. 19,788—(175).

**Highway — town officers not liable for failure to repair.**

> Town officers are not liable to one injured on a highway because of their failure to keep it in repair.

Action in the district court for Goodhue county against the members of the town board of the town of Hay Creek to recover $335.60. The facts are stated in the opinion. From an order sustaining the demurrer of defendants to the complaint, Johnson, J., plaintiffs appealed. Affirmed.

*James E. Phillips,* for appellants.

*Mohn & Mohn,* for respondents.

DIBELL, C.

Action to recover damages to the plaintiffs' property caused by a defective bridge. The defendants demurred. The demurrer was sustained. The plaintiffs appeal.

Three of the defendants are town trustees. The fourth is the road overseer. The plaintiffs were passing over a bridge on a public highway with a traction engine, when the bridge gave way and the engine was damaged.

The complaint alleges "that said defendants, though warned and ad-

[1] Reported in 158 N. W. 725.

vised of the dangerous condition of said bridge for use as a part of said public highway negligently failed, neglected and refused to repair the same to make it safe and fit for public travel, and negligently failed and neglected to place at said bridge or at the approaches thereof any sign of warning to warn persons traveling upon said road of the dangerous and unsafe condition of said bridge."

The single question is whether town officers are personally liable for a negligent failure to repair bridges. A town is not liable for the failure of its officers to repair a highway or for their negligence in repairing it. Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W. 877, 44 Am. Rep. 191; Weltsch v. Town of Stark, 65 Minn. 5, 67 N. W. 648; Bank v. Brainerd School Dist. 49 Minn. 106, 51 N. W. 814. The same principle applies to school districts. In Tholkes v. Decock, 125 Minn. 507, 147 N. W. 648, 52 L.R.A. (N.S.) 142, we held that a road overseer was liable to one injured through his negligence in failing to guard an excavation in a highway during the progress of the work. None of these cases control the decision in the case before us. An examination of the authorities discloses a diversity of decision. It is not necessary to review them. They are readily accessible. 1 Dillon, Mun. Corp. (5th ed.) §§ 436-441; 1 Elliott, Roads & Streets, (3d ed.) § 537; 25 Cent. Dig. High. § 507; 10 Dec. Dig. High. § 198; note 22 L.R.A. 824; note 95 Am. St. 72. The opposing doctrines are sufficiently sustained by the authorities, and are supported by well considered arguments. Often statutes prescribing the duties of the officers affect the result. We have not overlooked Howley v. Scott, 123 Minn. 159, 143 N. W. 257, 51 L.R.A. (N.S.) 137, where we hold that an officer, in that case the county auditor, was liable for a failure to perform a ministerial duty imposed upon him by statute. Nor have we overlooked the duties imposed upon town officers by statute. G. S. 1913, §§2525, 2529, 2575. We have reached the conclusion that the better rule favors exemption from liability. This rule, as observed by the trial court, accords with the general understanding of lawyers and laymen as to the liability of town officers.

Order affirmed.