## JOHN H. VAN NEST AND ANOTHER v. CITIZENS INSURANCE COMPANY OF MISSOURI.[1]

### July 14, 1916.

### Nos. 19,865—(222).

**Insurance — loss of rent — construction of policy.**

> A policy of insurance against loss of rent, due to a fire which rendered the insured property untenantable, provided for payment of the actual loss sustained, "not exceeding the sum insured, nor one-twelfth of that amount for any one month." A fire occurred, rendering the company liable for the loss, and the same was amicably adjusted at an amount equal to one-half the face of the policy, which was paid. A second fire occurred some three months later, resulting in a further loss. It is *held* that the policy remained in force after the first loss at one-half the amount thereof, and that the monthly payments to be made in discharge of liability under the second loss are limited to one-twelfth of that amount, and not one-twelfth of the original sum insured.

Action in the municipal court of Minneapolis to recover $416.66 upon defendant's policy of insurance. The case was tried before Bardwell, J., who made findings and ordered judgment for $109.06 with interest in favor of plaintiffs. From an order denying their motion for amended findings or for a new trial, plaintiffs appealed. Affirmed.

*George B. Leonard* and *M. Rose,* for appellants.

*M. H. Boutelle,* for respondent.

BROWN, C. J.

Plaintiffs were the owners of a certain building which they leased to various tenants for a stipulated monthly rent. In April, 1912, defendant issued to them a policy by which it insured them against such loss of rents as might result from the premises being rendered untenantable by fire. The amount of the policy was the sum of $2,500, and a total concurrent

[1]Reported in 158 N. W. 725.

insurance of $25,000 was consented to by defendant, and the same was procured by plaintiffs. So that at the time here in question plaintiffs carried a total of $25,000 of this class of insurance. The building was lamaged by fire on May 5, 1914, and thereby rendered untenantable, and lefendant and the other insurance companies became liable to plaintiffs on the policies issued by them respectively. This liability and the plaintiffs' loss by reason of the fire were settled amicably by the parties at the sum of $12,512.50, and the amount thereof was paid, each company paying its proportionate share, measured by the amount of the policy issued by each. The rights of the parties were thus settled and the obligations of the insurance companies, including defendant, fully discharged.

The building was again attacked by fire on August 6, 1914, and before the repairs rendered necessary by the other fire had been fully completed. Plaintiffs made due proof of their further loss, presented the same to defendant, and a controversy at once arose respecting the amount of the payments defendant was required to make under the policy. The provisions of the policy pertinent to the question are as follows:

"In case the above named building or any part thereof shall be rendered untenantable by fire, this company shall be liable to the assured for the actual loss of rent ensuing therefrom, not exceeding the sum insured, or one-twelfth of that amount for any one month, based upon the *bona fide* leases in force at the time of the fire, loss to be computed from the date of the occurrence of said fire. * * *."

The obligation assumed by defendant by this clause of the contract was the monthly payment to the insured of an amount equal to one-twelfth of the face of the policy, or sum insured, not exceeding in all the total amount of the insurance. The payments under the first loss were therefore $208.33 per month. But the settlement under that loss reduced the insurance one-half, so that at the time of the second fire the amount of the insurance was $1,250.

It is the contention of plaintiffs, on the facts stated, that the liability of defendant for the loss occasioned by the second fire remains the same as for the first loss, and that defendant is under obligation to make the monthly payment of $208.33, up to the full amount of the unpaid insurance. Defendant, on the contrary, contends that the liability under the second loss is limited to one-twelfth of the balance due on the policy,

namely, $1,250. The trial court sustained defendant's contention, and awarded judgment for plaintiffs accordingly. Plaintiffs appealed from an order denying a new trial.

While this form of insurance is new, at least we have been cited to no case wherein it has been under consideration, yet an application of a few general principles of the law leads to the conclusion that the trial court correctly disposed of the case. The original insurance was reduced one-half by the prior loss and the adjustment thereunder, and defendant was thereafter liable for only the portion of the total insurance left unpaid. 4 Cooley, Briefs, Insurance Law, 3064. The second fire created an obligation to make further payments, to quote the language of the policy, "not exceeding the sum insured nor one-twelfth of that amount for any one month." At this time the amount of the insurance was $1,250, and the necessary payments were one-twelfth of that amount. By the conditions created by the facts stated, the policy of insurance in the requirements as to payments for losses incurred became changed and modified by necessary implication, and, as the total insurance was reduced, the payments also were reduced to correspond with the provisions of the contract as to the amount thereof. The case no doubt would be entirely different if there had been no settlement and a full discharge under the first loss, and the monthly payments thereunder had continued down to the second fire. In a situation of that kind the second fire, and loss resulting therefrom, would operate to prolong the period for the payments then being made, which would not be reduced in amount, -but would continue to represent one-twelfth of the original insurance until the full amount of liability had been discharged. But the settlement of the loss occasioned by the first fire, and the payment of the amount agreed upon, discharged the company from further liability on account of that loss, and the parties were automatically placed upon a different footing for the future, and the policy, reduced one-half in amount, entered upon a new term of protection, with a liability for loss thereafter to occur measured by the amount of insurance then in force, in discharge of which the monthly payments would be limited to one-twelfth thereof. It would seem that the language of the contract cannot well be otherwise construed.

The view contended for by plaintiffs would entitle them to monthly payments on the basis of the amount of the original insurance, whereas

in fact they carried only one-half that amount at the time of the second loss. The contract cannot be so construed without ignoring the provision that the monthly payments shall not exceed one-twelfth of the "sum insured."

This disposes of the case and renders further discussion unnecessary. We sustain the findings of the trial court and discover from the record no reason for a new trial.

Order affirmed.

On July 20, 1916, the following opinion was filed:

PER CURIAM.

The basis of defendant's liability for the loss occasioned by the second fire was the *bona fide* leases then in force. This was a question of fact, and we find no reason for disturbing the findings thereon. There was no exclusion of evidence upon the issue which requires a new trial. The court was right in holding that a *bona fide* lease, within the meaning of the policy, does not include an executory contract for a lease.

Petition for a rehearing denied.