## VODICA STEVENS v. NORTH STATES MOTOR, INC. AND OTHERS.[1]

January 2, 1925.

No. 24,200.

**When highway official is liable for failure to perform his legal duty.**

1. The liability of a highway official to a private individual, for failure to perform a duty imposed upon him by law, attaches only when the duty is ministerial and his failure to act is the proximate cause of the injury.

**Road overseer not liable to injured person by failure to keep road in repair.**

2. A road overseer is not liable to one injured on a public highway because of his failure to keep it in repair and safe for travel.

Action in the district court for Wright county to recover $54,033.70. From an order, Giddings, J., sustaining defendants' demurrers to the complaint, plaintiff appealed. Affirmed.

*Trafford N. Jayne*, for appellant.

*Clifford L. Hilton*, Attorney General, *G. A. Youngquist*, Assistant Attorney General, *Mitchell, Doherty, Rumble, Bunn & Butler, Rollin G. Johnson, S. A. Johnson* and *W. H. Cutting*, for respondents.

[1]Reported in 201 N. W. 435.

QUINN, J.

This is an appeal from an order sustaining a general demurrer to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

It appears from the complaint that the highway in question extends in an easterly and westerly direction, along the southerly line of section 31, township 119 north, range 27 west, in Wright county; that, as such highway approaches the southwest corner of said section, it turns, at nearly right angles, to the north; that a person driving west along such highway cannot see such turn until right upon it; that, by reason of such sharp turn and the negligent and dangerous construction of said highway, a number of serious accidents had occurred prior to the time here in question, all of which were well known to the defendants connected with the construction and maintenance of said highway and to the authorities of the village of Howard Lake and of Wright county.

It is further alleged that said highway, in and around said curve, was improperly and dangerously constructed in that there was no rise on the outer side of such curve, but, on the contrary, the outside was lower than the inner side thereof, so that a vehicle, moving west and north around the turn, would be liable to overturn; that, at the time of the accident complained of, defendants carelessly and negligently permitted a log, 11 feet long and 10 to 14 inches in diameter, to be and remain upon said highway in direct line of travel around said curve, in such a way that a person, driving west and making the turn to the north, would not see it until right over it; that said log made said highway exceedingly dangerous and had been carelessly and negligently permitted to so obstruct such highway for several days prior to the accident complained of, all of which was well known to defendants in charge of said highway, who wilfully and wrongfully failed and refused to remove the same and remedy such dangerous condition; that defendants, and each of them, further failed and neglected to put up any notice or warning as to the dangerous construction of said highway or the obstruction therein.

Then follows an allegation to the effect that, at all the times herein referred to, the defendants Jewett, Elletson, Sturman, Doerfler and Nelson, were, and still are, county commissioners of Wright county; that the defendants McVeety, Moulton, Methven, Rosenwald, Mullen and Babcock were, and still are, officers of the state of Minnesota, appointed under the state law relating to public highways, viz., chapter 323, p. 406, L. 1921, and, together with the county commissioners above named, and each and all of them, have exclusive control of the construction, maintenance and repair, care and use of said trunk highway No. 10, and it was the duty of each and all of said last named defendants, including said county commissioners, personally to properly construct, maintain, repair and keep free from obstructions, the said highway, and particularly in the place and at the time of the accident hereinafter more particularly described.

Then follows an allegation connecting the defendants, surety company as bondsman, the North States Motor, Inc. and Grady, as an employe of the defendant last mentioned, as well as general allegation that, on or about the twenty-second day of October, 1921, plaintiff was riding in an automobile, owned by the North States Motor, Inc., and operated by the defendant Grady, along said highway No. 10, in a westerly direction, and around the turn referred to and that, by reason of the careless and negligent driving of said Grady and by reason of the defective construction of said road and by reason of the carelessness and negligence in permitting said log to remain as an obstruction in said highway, as aforesaid, and by reason of the careless and negligent construction and maintenance generally of said highway, said automobile, upon rounding said turn, went over the center of said road and upon the slope down to the other side thereof, and came in contact with said log, and was overturned, throwing plaintiff to the ground and causing severe injuries to her, etc.

It is apparent, from the pleading, that the log was on the outward slope and to the left of the center line of the road as the vehicle was moving northerly around the curve. To come in contact with the log, the car must have crossed over to the left of

the center line and onto the outer slope. A proper slope of the surface of a road at such a place is a matter for careful consideration in preparing and adopting plans for the construction of the road bed. Curves are necessary and unavoidable in highways. The law recognizes their necessity. It requires headlights to be kept on automobiles that will render an obstruction clearly discernible at a distance of 200 feet ahead, and that such vehicles, when approaching a corner or curve where the driver's view is obstructed, be slowed down. Chapter 472, p. 780, L. 1921. The law also makes it negligence for any person to drive an automobile around a corner or curve, where the view ahead is obstructed, at a rate of speed greater than 6 miles per hour. L. 1917, c. 475, § 1.

The liability of a public officer, for failing to perform a duty imposed upon him by law, is well settled in this state. Such liability attaches when the duty is ministerial, that is, when it is in obedience to the mandate of legal authority and the act is to be performed in a prescribed manner, without the exercise of the officer's judgment upon the propriety of the act, and the failure to perform is the proximate cause of the injury sustained. It also attaches when the person injured, as distinguished from the public, is the one to whom performance is due. Anderson v. Settergren, 100 Minn. 294, 111 N. W. 279; Howley v. Scott, 123 Minn. 159, 143 N. W. 257, 51 L. R. A. (N. S.) 137; Tholkes v. Decock, 125 Minn. 507, 147 N. W. 648, 52 L. R. A. (N. S.) 142. Where a public officer is charged with duties which call for the exercise of his judgment or discretion, as to its propriety or the manner in which it is to be performed, he is not liable to an individual for damages unless guilty of wilful wrong. Schooler v. Arrington, 106 Mo. App. 607, 81 S. W. 468.

If the duty is, in fact, ministerial, and the act was one designed for the benefit of the individual injured and to whom its performance is due, the officer failing to perform his duty would be personally liable. Anderson v. Settergren, supra, and Hawley v. Scott, supra. But, if the duty is a purely public duty, owing to the state, then a failure to perform such duty will not give rise to a cause of action in favor of an individual. Dosdall v. County of Olmsted, 30 Minn. 96, 14 N. W. 458, 44 Am. Rep. 185; Thompson, Negligence,

§ 6397. The case of Tholkes v. Decock, supra, relied upon by appellant, was a case of misfeasance on the part of the overseer in repairing a culvert in a public highway. It was not a case of nonfeasance like unto the case at bar. There, the overseer undertook to repair the culvert, and while so doing went beyond his duty in that he left a pitfall in the culvert over night, an independent tort for which he was personally liable, the same as would any other person, in no way connected with the highway, have been. The leaving of such a mantrap was no part of the overseer's duty. True, it was done while the overseer was in the act of repairing the culvert, but, the act of leaving the pitfall open and unprotected over night was not a part of his official duties. It constituted misfeasance as distinguished from nonfeasance, and therein lies a distinction between that case and the one at bar.

The act complained of in that case was not the removal of the culvert but the leaving of a mantrap in its stead without proper danger warnings. The case of Bolland v. Gihlstorf, 134 Minn. 41, 158 N. W. 725, is in principle, very much like the one at bar. In that case there was an unsafe condition of a bridge in the highway, known to the highway officers. They neglected to repair the bridge, or to put up warning signs as to its condition, and plaintiff was injured. It was there held that the complaint failed to state a cause of action. The reasoning there applies in the instant case as to the failure to remove the log and placing of danger signs. The complaint fails to state a cause of action and the demurrer was properly sustained.

Affirmed.