No. 412

First Circuit

STATE OF LOUISIANA EX REL. LANIER v. TANGIPAHOA POLICE JURY

(February 13, 1929. Opinion and Decree.)

S. S. Reid, of Amite, attorney for plaintiff, appellant.

A. L. Ponder, Jr., District Attorney of Amite, attorney for defendant, appellee.

MOUTON, J. In pursuance of a written notice published in a newspaper of Tangipahoa Parish, relator filed his application with the Police Jury of that Parish to be appointed parish printer for the ensuing year, for the price of ten dollars ($10.00) per month for printing all of its official proceedings.

Plaintiff is the editor of the Tangipahoa Parish News, and stated in his application, if selected, he would designate that paper as the official journal of the parish.

Geo. B. Campbell filed a similar application but for a consideration of twenty dollars ($20.00) per month instead of ten dollars ($10.00) as was offered by relator.

Campbell also stated that if chosen the official printer for the parish, he would designate the Hammond Vindicator as the official journal.

Relator alleges that his offer being lower than that of Campbell, it was the ministerial duty of the Police Jury to accept his bid, and to select him as parish printer for the ensuing year.

He obtained the issuance of an alternative writ of mandamus to compel the Police Jury to accept his bid, or to show cause to the contrary; and, asked that Campbell be made a party to the proceedings. He was met with an exception of no cause or right of action which was maintained, dismissing his suit.

Under the exception, it is needless to say that all the allegations of relator's petition must be taken as true.

The selection of parish printers must be made by the Police Juries of the respective country parishes at their first meeting in July, annually, for a term not exceeding one year. The printer so chosen must be the editor or owner of some estab-lished newspaper of the parish. The person selected designates a newspaper to be the official journal of the parish. The foregoing power is conferred on the Police Juries of the various parishes, the Parish of Orleans excepted, by the provisions of section 22 of Act 141, 1912, p. 192. This act was amended by Act 11, 1914, p. 12, also by Act 134, 1920, p. 194. No changes were made in these two amendatory acts, except so as to permit the designation of a newspaper in another parish where none is published in the parish making the selection.

Obviously, relator and Campbell filed their applications under the provisions of section 22 of Act 141, 1912, in which they offered to publish in their newspaper all the official proceedings of the Police Jury, and all such notices as might be required of the official journals under the provisions of that statute. The statute under which they submitted their applications nowhere requires advertisement by the Police Jury for bids, and that it shall accept the proposition of the lowest bidder before it awards the contract.

Counsel for relator admits in his brief that advertising for bids was not necessary, and that the law does not require competitive bidding. His contention is that the Police Jury having invited such bidding, and Campbell having participated therein, that they are now estopped from denying that the Police Jury is compelled to recognize the validity of its own action, and to award the office of parish printer to relator, as he is the lowest bidder. This plea of estoppel is levelled against the Police Jury.

A municipal corporation cannot be estopped to assert its governmental power as to its acts within its governmental capacity. 10 R. C. L., p. 706, section 34; Tholkes vs. Decock, 125 Minn. 507, 147 N. W. 648, 52 L. R. A. (N. S.) p. 150.

Powers of government are delegated to Police Juries, they are political bodies. C. C. 429.

In the case of Police Jury vs. Numa Shayot, 47 La. Ann. 589, 17 So. 203, where the Town of Lafayette had, without authority, annexed adjoining territory over which the Parish of Lafayette had for several years suspended its governmental authority, the Court held that its powers had simply been suspended, and that the Police Jury, a political corporation, could not be estopped by its acquiescence to the conditions it had permitted to exist.

A municipal corporation or a Police Jury cannot be estopped from asserting its governmental authority says R. C. L. above quoted, as to acts within its governmental capacity. Unless of course, it were bound' by contractual obligations.

The Police Jury in the instant case, after publishing for bids, or even after the bids had been submitted, could have under the statute, in the legitimate exercise of its governmental capacity, annulled or set aside the order under which the publication for bids had been made. It had perhaps fallen into an error in adopting that mode of procedure, but if it committed an error, its power to select a parish printer under the statute remained, had simply been temporarily suspended, and which it could legally re-assert by resolution or by merely disregarding the offer made by relator.

The statute giving plenary power to the Police Jury on this subject is clear, unambiguous and its letter should not be disregarded under the pretext of pursuing its spirit. C. C., Art. 13.

It seems that relator is pursuing what he seems to consider the purpose of laws of this nature which usually require competitive bidding. We cannot go in quest of the spirit of such laws, and incorporate it in the act which governs this case. We would be usurping the functions of the law-making power, if we adopted that course.

In submitting their bids the relator and Campbell did not have any vested rights, and the selection could be made without regard to the fact that relator's bid was lower than the other. If the Police Jury in passing on the bids, had selected relator, it would have been obligated under its contract to appoint him the parish printer. As the contract was not awarded to him, he has no vested rights, and the action of the Police Jury in appointing the other applicant, was authorized under the statute.

Relator has no right of action as was decreed below.