## CLARA M. STEVENS AND ANOTHER v. LYCAN & COMPANY AND OTHERS.
## WILLIAM OLSON AND ANOTHER, APPELLANTS.

105 N. W. (2d) 889.

November 18, 1960—Nos. 38,085, 38,086.

*Thomas M. Hilligan* and *Cann & Schmidt,* for appellants.

*Montague, Applequist, Lyons, Nolan, Nordine & Knetsch,* for respondent Lycan & Company.

*Romaine R. Powell* and *Edward E. Dessert,* for respondent Stevens.

KNUTSON, JUSTICE.

This is an appeal from an order denying a motion of defendants William Olson and James Deneen for dismissal of the action as to them on the ground that the complaint fails to state facts upon which

relief may be granted against them. The trial court treated the motion as one for summary judgment and certified the question presented as important and doubtful. We shall so treat it, and, as such, it is appealable.[1]

For the purposes of this appeal, the facts alleged in the complaint must be taken as true. They may be briefly stated as follows: Bemidji is a city operating under a home rule charter, which, among other things, contains the following provision (Council-Manager Charter of Bemidji, § 12.10):

"Said city shall be absolutely exempt from liability to any person for damages for injuries suffered or sustained by reason of defective streets or sidewalks within said city unless actual notice in writing of such defects in said streets or sidewalks shall have been filed with the city clerk within at least ten days before the occurrence of such injury or damage. In the absence of such notice the city shall not be liable for any injury or damage on account of such defects, and in all cases such notice shall describe with particularity the place and nature of the defects of which complaint is made."

The complaint alleges that defendants William Olson and James Deneen are respectively the city manager and street commissioner of the city of Bemidji, chargeable with the duty of maintaining the streets and sidewalks of the city. It is alleged that they permitted the sidewalk in front of the Markham Hotel to be improperly and dangerously constructed and to remain in a dangerous condition and that as a result plaintiff slipped and fell, sustaining the injuries for which she now sues to recover.

It is admitted that no notice in writing, as required by § 12.10 of the charter, had been filed with the city clerk within 10 days prior to the occurrence of the alleged accident. The city was not joined as a party defendant.

The question presented for our determination is whether defendants Olson and Deneen, as officers of the city, are liable to plaintiff, absent liability on the part of the city.

---

[1]House v. Hanson, 245 Minn. 466, 72 N. W. (2d) 874.

It is the contention of appellants that § 12.10 of the charter establishes a standard of care required of the city; that inasmuch as the city operates through its officers and agents the same standard of care applies to them as to the city; and that in the absence of a notice as required by § 12.10 neither the city nor its officers or agents are liable under the circumstances of this case. Plaintiff, on the other hand, contends that § 12.10 does not establish a standard of care but provides an exemption from liability on the part of the city in the absence of compliance therewith which does not absolve officers and agents of the city from liability for failure to exercise the common-law degree of care.

Historically, we have from early times followed the rule that a municipal corporation is under a legal obligation to exercise reasonable care to keep its streets and sidewalks in a safe condition for public use and that it is liable to one injured for its failure to do so.[2]

Peculiarly, we have followed the opposite rule with respect to liability of towns and counties[3] holding that neither the town or county or its officers[4] are liable except for affirmative misconduct.[5]

Various attempts have been made in home rule charters, of which those similar to the one now before us are the most sweeping, to limit the liability of municipal corporations in this area.[6] We have upheld the validity of such charter provisions.[7] They have now been

---

[2]Cleveland v. City of St. Paul, 18 Minn. 255 (279); Blyhl v. Village of Waterville, 57 Minn. 115, 58 N. W. 817, 47 A. S. R. 596; 13 Dunnell, Dig. (3 ed.) § 6818; see, Peterson, *Governmental Responsibility for Torts,* 26 Minn. L. Rev. 480, 485.

[3]Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W. 877; 19 Dunnell, Dig. (3 ed.) § 9658.

[4]Bolland v. Gihlstorf, 134 Minn. 41, 158 N. W. 725.

[5]Tholkes v. DeCock, 125 Minn. 507, 147 N. W. 648, 52 L.R.A. (N.S.) 142; Stevens v. North States Motor, Inc. 161 Minn. 345, 201 N. W. 435, 40 A. L. R. 36.

[6]See, Peterson, *Governmental Responsibility for Torts,* 26 Minn. L. Rev. 480, 859.

[7]Schigley v. City of Waseca, 106 Minn. 94, 118 N. W. 259, 19 L.R.A. (N.S.) 689; Fuller v. City of Mankato, 248 Minn. 342, 80 N. W. (2d) 9.

invalidated by our legislature,[8] but, inasmuch as this case arose prior to the enactment of such legislation, the case is governed by the law as it existed prior to the adoption thereof.

At least in the absence of charter provisions limiting the liability of a municipal corporation, the great weight of authority holds that a public officer chargeable with the duty of maintaining the streets and sidewalks of the municipality is liable for his negligent failure to do so.[9] It would appear to us that the charter provision now under consideration does not absolve such officials of any liability which would exist in the absence thereof but that it is intended as an exemption of liability for the municipality rather than as a standard of care. Certainly the practical effect of it is to make the municipal corporation virtually immune from suit. Being in derogation of the common law, it should be strictly construed. It should not be extended so as to deprive an injured person of a remedy existing in the absence thereof unless it is clearly necessary for us to do so.

Plaintiff, as well as the trial court, relied upon Tholkes v. DeCock, 125 Minn. 507, 147 N. W. 648, 52 L.R.A. (N.S.) 142. It is doubtful whether that case is of any help here. It dealt with the liability of a town officer, ordinarily not liable except for affirmative acts of misconduct. It is distinguished in Stevens v. North States Motor, Inc. 161 Minn. 345, 349, 201 N. W. 435, 436, 40 A. L. R. 36, 38, where we said:

"* * * The case of Tholkes v. Decock, * * * was a case of misfeasance on the part of the overseer in repairing a culvert in a public highway. It was not a case of nonfeasance like unto the case at bar. There, the overseer undertook to repair the culvert, and while so doing went beyond his duty in that he left a pitfall in the culvert over night, an independent tort for which he was personally liable, the same as would any other person, in no way connected with the highway, have been. *The leaving of such a mantrap was no part of the overseer's duty*. True, it was done while the overseer was in the

[8]L. 1959, c. 663 (Minn. St. 465.121).
[9]See, Annotations, 40 A. L. R. 39 and 57 A. L. R. 1037.

act of repairing the culvert, but, the act of leaving the pitfall open and unprotected over night was not a part of his official duties. It constituted misfeasance as distinguished from nonfeasance, and therein lies a distinction between that case and the one at bar." (Italics supplied.)

In the case before us there is no claim, as we read the complaint, that the municipal officers did any act which could be said to go beyond their official duties. Care must be exercised in this field to distinguish between cases involving liability of towns and town officers, where liability does not exist, and those involving liability of municipal corporations where, in the absence of charter provisions exempting the municipal corporation, liability does exist.

We think that the trial court correctly held that § 12.10 of the Bemidji charter did not exempt the city officials from any liability which would exist in the absence thereof.

Affirmed.