ESTHER WEISS AND OTHERS v. CITY OF ST. PAUL
AND OTHERS.[1]

October 31, 1941.

No. 32,870.

*Allen L. Ginsburg* and *Milton Ginsburg,* for appellant.

*Harry W. Oehler,* Corporation Counsel, and *H. J. Flynn,* Assistant Corporation Counsel, for respondents.

PETERSON, JUSTICE.

Plaintiff appeals from the judgment granted on motion for judgment on the pleadings. The material facts are stated therein at length.

On July 1, 1937, plaintiff purchased a sinking fund fractional ownership certificate of the city of St. Paul in the face amount of $2,400. Prior to the commencement of this action she resold to

[1]Reported in 300 N. W. 795.

the city $1,100 face value of the certificate, retaining $1,300 thereof.

The certificate was issued by the sinking fund committee, which is composed of designated city officials, pursuant to the provisions of the city charter. Section 219 provides for the creation of the sinking fund to be used for the payment and retirement of bonded indebtedness of the city out of moneys derived from certain specified sources. Section 220 provides that the fund shall be under the management of the sinking fund committee. Section 221 provides that the sinking fund committee shall cause the money accumulated in the fund to be invested in specified securities, prescribing a preference among them. It also provides that all bonds purchased by the committee shall be stamped, "Property of the City of St. Paul transferable only on endorsement of the sinking fund committee." Section 222 reads as follows:

"The gain or income arising from any moneys or securities held for the sinking fund shall belong to the said fund and used for the same purpose as the moneys or securities from which said gain arises."

The issuance of fractional ownership certificates, including the one here involved, is authorized by § 223, as amended, which after first imposing the duty on the sinking fund committee, among others, to "make all purchases and sales for the Sinking Fund with a view to serving the best interests of the City," provides:

"Bonds of the City of St. Paul and interest-bearing certificates of the City of St. Paul, held by the Sinking Fund Committee may be sold in fractional parts in multiples of ten dollars. Such sales may be evidenced by certificates of ownership in such form as the Sinking Fund Committee may determine, and the Sinking Fund Committee may sell, repurchase and resell such fractional parts of bonds and interest-bearing certificates in such manner as it may deem to best serve the interests of the City. Bonds and interest-bearing certificates of indebtedness of the City of St. Paul, which may be sold in whole or in part in fractional parts, shall be

kept separate from all other securities held by the Sinking Fund Committee; and a complete and detailed schedule of such securities shall be kept by the Commissioner of Finance and a duplicate filed with the Comptroller.

"The certificate of fractional ownership may bear a uniform rate of interest, to be determined by the Sinking Fund Committee, and the schedule above described shall show the proportion of ownership sold and the proportion owned by the Sinking Fund. All profits arising out of fractional purchases and sales shall be credited to a Special Fund, and all expenses incurred in such operations shall be charged to said Fund. All receipts and disbursements shall be reported daily to the Comptroller."

Each certificate recites that it is "a registered Participating Certificate representing the ownership of an undivided interest in a BOND OF THE CITY OF ST. PAUL, MINNESOTA and Other Interest-Bearing Securities"; that it is evidence that the purchaser "is the owner of an undivided interest in certain bonds and other interest-bearing securities" of the city in the face amount of the certificate; that the securities are held by the sinking fund committee "against this and similar certificates"; that the sinking fund committee will pay the owner, semiannually, interest at the rate of two per cent per annum, reserving the right to recall, discharge, and cancel the certificate and to change the rate of interest, both according to the conditions set out upon the back thereof; and that it will repurchase the certificate at par with accrued interest upon demand and surrender thereof by the owner.

Upon the back of each certificate are numerous "conditions." Those material here are:

"This Certificate represents the investment of the owner in certain bonds and other interest-bearing securities of the City of St. Paul, held for the owners in trust, by the Sinking Fund Committee of said City.

\* \* \* \* \*

"This certificate is purchased subject to the foregoing conditions and to such rules as may hereafter be made by the Sinking Fund Committee."

The sinking fund committee determined the rate of interest on plaintiff's certificate to be two per cent, which was paid to her semiannually.

During the period from 1916, when the amendment of § 223 authorizing the sale of fractional ownership certificates was adopted, to December 31, 1939, the gain or income earned by the sinking fund committee on the bonds and other securities held by it against outstanding fractional ownership certificates amounted to $1,183,065.23.

Plaintiff contends that the sinking fund committee held securities in an amount equal to the outstanding fractional ownership certificates in trust for the certificate owners and that the gain or income from such securities belongs to the certificate owners as the beneficiaries of the trust. Defendants deny that there is any trust and contend that the relationship of the parties is that of debtor and creditor.

The rights of the parties with respect to the gain or income from the securities are determined by the city charter without regard to the legal relationship arising from a purchase of a certificate. The charter provisions are explicit that all sinking fund operations shall be for the benefit of the city; that all gain or income therefrom shall belong to the sinking fund; and that the fractional ownership certificate owners shall be entitled only to the rate of interest fixed by the sinking fund committee. Section 223 provides that all profits arising out of the purchase and sales of fractional ownership certificates shall be credited to a special fund which shall be charged with the expenses incurred in such operations. The balance belongs to the sinking fund in virtue of the all-inclusive provision of § 222, that all gain or income from sinking fund operations shall belong to that fund.

174

True, there is the "condition" on the back of each certificate that the sinking fund committee holds the securities belonging to the fund in trust for the owners of the certificates. Assumption for purposes of decision that the city charter authorized the sinking fund committee to make the condition as incident to its power of determining the form of the certificates does not compel a different conclusion. The condition contains no provision concerning the right of a certificate owner to the gain or income from the securities. Such a right must arise, if at all, by implication from application of the rule that a beneficiary is entitled to the income from the corpus. The implication, however, would be contrary to the explicit provision that the gain or income shall belong to the city. The implication goes further. It would give the certificate owner the right to the gain or income from the securities in addition to the stipulated rate of interest on his certificate. Such an implication is not permissible, since the city charter specifically defines the rights of the parties with respect to the matter by providing that the city shall have such gain or income and the certificate owner shall have the stipulated interest. Specific terms covering a given subject matter will prevail over general language which otherwise might be controlling. It is a well settled rule of construction that the expressed prevails over what might otherwise be implied just as does the definite over the indefinite, the particular over the general. Quimby v. Shearer, 56 Minn. 534, 58 N. W. 155; Cohen v. Gould, 177 Minn. 398, 225 N. W. 435. It is hardly necessary to add that ordinary rules of construction apply to city charters. State ex rel. Board of Education v. Erickson, 190 Minn. 216, 251 N. W. 519.

A certificate owner is entitled only to the stipulated interest and no more. The gain or income from the securities belongs to the sinking fund of the city.

Affirmed.