# MINNIE FULLER AND ANOTHER v. CITY OF MANKATO AND ANOTHER.
## CAMPBELL-BALK COMPANY, APPELLANT.

80 N. W. (2d) 9.

December 14, 1956—Nos. 36,860, 36, 918.

*Gallagher, Farrish, Sheran & Zimmerman,* for defendant-appellant.
*Johnson & Johnson,* for plaintiffs-appellants.
*Smith, McLean & Peterson,* for respondent.

THOMAS GALLAGHER, JUDGE.

Action by Minnie Fuller and William Fuller, her husband, against the City of Mankato and Campbell-Balk Company to recover for injuries and damages sustained by them as a result of a fall by Minnie Fuller allegedly caused by a defective public sidewalk adjacent to the premises owned by Campbell-Balk Company.

The accident occurred on December 30, 1953. Pursuant to M. S. A. 465.09,[1] within 30 days of said date plaintiffs caused to be served on defendant city a written notice of claim which stated the time, place, and circumstances of the accident as well as the amount demanded for damages sustained therein.

---

[1]"Every person who claims damages from any city, village, or borough for or on account of any loss or injury sustained by reason of any defect in any bridge, street, sidewalk, road, park, ferryboat, public works, or any grounds. or places, or by reason of the negligence of any of its officers, agents, servants, or employees, shall cause to be presented to the common council or other governing body, within 30 days after the alleged loss or injury, a written notice, stating the time, place, and circumstances thereof, and the amount of compensation or other relief demanded. No action therefor shall be maintained unless such notice has been given; or if commenced within ten days thereafter, or more than one year after the occurrence of the loss or injury."

Defendant city answered, admitting that it had received the notice of claim and denying the remaining allegations of the complaint. As a further defense, it alleged that it was exempt from liability to plaintiffs for any injuries or damages sustained by them on account of any defective sidewalks or streets within the city because no written notice of any such defects therein had been filed with its clerk at any time before the occurrence of the accident as required by Mankato City Charter, § 137, which provides:

"Said city shall be absolutely exempt from liability to any person for damages or injuries suffered or sustained by reason of defective streets or sidewalks within said city unless actual notice in writing of such defects in said streets or sidewalks shall have been filed with the city clerk within at least ten days before the occurance of such injury or damage on account of such defects, and in all cases such notice shall describe with particularity the place and nature of the defects of which complaint is made."

Plaintiffs conceded that no notice under this section had been filed with the clerk of defendant city at any time prior to the accident. Subsequently, upon these facts the city moved for summary judgment in its favor pursuant to Rule 56.02 of Rules of Civil Procedure, and on December 10, 1955, the court granted this motion on the ground that the notice required under § 137 of the Mankato charter had at no time been filed with its city clerk. On December 12, 1955, judgment was entered in favor of defendant city, and defendant Campbell-Balk Company and plaintiffs appealed therefrom.

On appeal it is contended that:

(1) Section 137 of the Mankato charter is invalid because it imposes more onerous conditions and requirements as a precedent to the city's liability for public sidewalk or highway defects than does § 465.09, which was intended to cover the entire field of claims against municipalities arising from such defects; and (2) that § 137 of the Mankato charter must yield to the more general provisions of § 136 of such charter.[2]

---

[2]Section 136 of the Mankato charter provides: "In the prosecution of actions against the city for personal injury growing out of defective or

■ On a number of occasions this court has held that independent of charter or statutory provisions, a municipality is not liable for failure to repair defects in streets or sidewalks unless it has actual or constructive notice of such defects and sufficient time prior to an accident arising because thereof to have repaired such defects or otherwise guarded the public therefrom. Baker v. City of South St. Paul, 198 Minn. 437, 270 N. W. 154; Mesberg v. City of Duluth, 191 Minn. 393, 254 N. W. 597; Stadtherr v. City of Sauk Center, 180 Minn. 496, 231 N. W. 210.

■ A number of municipalities,[3] including Mankato, have provided by charter, such as § 137 of the Mankato charter, that a municipality's knowledge of sidewalk or highway defects can be established only by proof that a specific written notice thereof had been filed with the clerk of such municipality a minimum number of days before the occurrence of any accident due to such defects. In Schigley v. City of Waseca, 106 Minn. 94, 100, 118 N. W. 259, 262, 19 L.R.A.(N.S.) 689, the validity of such a provision in the charter of Waseca was upheld, this court there stating:

"* * * the legislature may determine the manner in which such notice [of defects] shall be given, and * * * a general statute enacted by the legislature which contained the provision which we have quoted from the charter of the city of Waseca would be constitutional.

\* \* \* \* \*

"There can * * * be no serious question as to the right to insert in a municipal home rule charter a provision prescribing the conditions under which an individual may maintain an action against the city for personal injuries caused by the failure of the authorities to

---

improperly constructed * * * sidewalks, or public utilities, it shall be necessary * * * for the plaintiff to allege and prove that the defect or want of repair complained of existed for more than ten days immediately prior to the time of the happening of the injury, or that said city had actual notice and knowledge of such defect or want of repair at the time such injury happened."

[3]E. g., the cities of Gilbert, Glencoe, Lake City, Madison, and Northfield have similar charter provisions. See, 26 Minn. L. Rev. 861.

keep the streets and highways in proper condition. Under the common law of the state a person so injured cannot recover damages unless he can prove that the municipality had notice of the defect. He may, however, establish this essential element of his right of action by facts which charge the municipality with constructive notice. This charter changes the general rule to the extent of requiring actual notice in writing. The written notice need not, of course, have been given by the injured party. It does not relieve the city from liability in all cases, although it manifestly places a very serious obstacle in the way of the injured party. The policy of such a limitation may be open to serious question; but that is a matter to be determined by the legislature and the voters of the particular city."

■ Appellants assert, however, that, since § 465.09 was enacted subsequent to the decision in the Schigley case, the statutory requirements of § 465.09 render invalid any charter provisions, such as § 137 of the Mankato charter, providing more onerous conditions than those prescribed in § 465.09 as conditions precedent to municipal liability for sidewalk and street defects. In response to this argument, attention must be directed to the fact that § 465.09 relates solely to *notice of claim* on account of accidents rather than to *notice of defects* giving rise thereto. The requirements therein are merely procedural, their purpose being to permit a municipality the opportunity of promptly investigating facts and circumstances giving rise to an accident which has occurred and for which liability against the municipality is claimed. Nothing therein relates to the issue of a municipality's actual or constructive notice of the sidewalk or highway defects giving rise to such an accident. It is significant that the notice covered by § 465.09 and that referred to in § 137 of the charter are differentiated even in the Schigley case.[4]

---

[4]In the Schigley case the court distinguished the two types of notice as follows (106 Minn. 97, 118 N. W. 261):

"We are familiar with provisions which require the giving of a *notice of a claim* for damages which shall describe the time, place, and manner of the action, and compliance with this condition has always been held necessary to the maintenance of an action. It is also the settled rule that in an

Ordinarily, legislative enactments will not effect changes in the common law beyond those clearly indicated in their specific terms. State ex rel. Verbon v. County of St. Louis, 216 Minn. 140, 12 N. W. (2d) 193. It would follow that in § 465.09 the absence of any reference to the subject of requisite actual or constructive notice of sidewalk or highway defects as a precedent to municipal liability therefor manifested a clear legislative intent to recognize the common-law principles previously applicable to this subject including those expressed in the Schigley case.

■ It is finally contended that because of inconsistencies between §§ 137 and 136 of the Mankato charter, the former must yield to the latter provision. Admittedly, § 137 was adopted subsequent to § 136 and in addition is last in order or position in the Mankato charter. M. S. A. 645.26, subd. 2, provides: "When, in the same law, several clauses are irreconcilable, the clause last in order of date or position shall prevail." Section 137 is more specific in its nature than § 136. Where general and specific provisions of the law are in conflict, it has frequently been held that the specific and not the general controls. See, Weiss v. City of St. Paul, 211 Minn. 170, 300 N. W. 795; State ex rel. Board of Education v. Erickson, 190 Minn. 216, 251 N. W. 519; Cohen v. Gould, 177 Minn. 398, 225 N. W. 435; 13 Dunnell, Dig. (3 ed.) § 6537a. By virtue of the foregoing statutory provisions and well-established principles, it follows that § 137 of the Mankato charter must prevail over § 136.

Based upon all of the foregoing, we conclude that plaintiffs' failure to allege and prove compliance with the provisions of § 137 of the Mankato charter warranted the order of the trial court granting summary judgment for defendant city and that judgment entered pursuant thereto must be affirmed.

Affirmed.

---

action against a municipality it is necessary for the plaintiff to show that the municipality had *notice of the existence of the defect* for such a time prior to the action as is necessary to make the failure to repair negligence. Ordinarily this notice may be actual or constructive, but in some instances the legislatures have thought it advisable * * * to provide that actual notice of the existence of the defect must be shown to have been given the municipal authorities." (Italics supplied.)