Delip RAMSAMOOJ, et al., Appellants,

v.

Veryl Owen OLSON, Respondent.

No. C0–97–1500.

Court of Appeals of Minnesota.

Feb. 24, 1998.

Mark E. Gilbert, Kevin E. Giebel, Giebel & Gilbert, St. Paul, for appellants.

Louise Dovre Bjorkman, Patrick J. Sauter, Doreen A. Mohs, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Michael C. Snyder, Meshbesher & Spence, Minneapolis, for amicus curiae Minnesota Trial Lawyers Association.

Considered and decided by SCHUMACHER, P.J., FOLEY * and FORSBERG,* JJ.

---

4. Minn.Stat. § 549.21 has since been repealed. 1997 Minn. Laws ch. 213, art. 2.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

## OPINION

SCHUMACHER, Judge.

Delip and Bhanmatee Ramsamooj appeal from the dismissal of their claims for noneconomic detriment under Minnesota's No–Fault Automobile Insurance Act (the no-fault act), arguing an uninsured motorist may recover damages for noneconomic detriment in a negligence action against an insured motorist. We reverse and remand.

## FACTS

In August 1992, Delip Ramsamooj and respondent Veryl Owen Olson were involved in a motor vehicle accident. Ramsamooj sustained serious injuries and sued Olson in a negligence action, seeking to recover damages for economic loss and noneconomic detriment. At the time of the accident, Ramsamooj's vehicle was uninsured in violation of Minn.Stat. § 65B.48 (1996). Olson's vehicle was insured as required by the no-fault act.

In March 1997, Olson brought a motion in limine to dismiss the noneconomic detriment claims. The district court granted Olson's motion, holding that Minn.Stat. § 65B.51 (1996), "contemplates that a Plaintiff be insured or be eligible to recover under the assigned claims plan before he may recover noneconomic loss." The district court dismissed the noneconomic detriment claims and set for trial the issues of liability and economic losses. The Ramsamoojs appeal.

## ISSUE

Does the no-fault act preclude an uninsured motorist from recovering damages for noneconomic detriment in a negligence action against an insured motorist?

## ANALYSIS

■ The construction of a statute is a question of law subject to de novo review by this court. See Hibbing Educ. Ass'n v. Public Employment Relations Bd., 369 N.W.2d 527, 529 (Minn.1985). Construing the no-fault act, the district court concluded that an uninsured plaintiff is not entitled to recover damages for noneconomic detriment in a negligence action. We disagree.

art. VI, § 10.

The no-fault act distinguishes between insured and uninsured plaintiffs who seek damages for *economic* loss. An insured plaintiff is entitled to recover basic economic loss benefits and may then bring a negligence action to recover damages for economic loss not paid or payable by the no-fault insurer. See Minn.Stat. § 65B.47 (1996) (governing priority of payment for basic economic loss benefits); Minn.Stat. §§ 65B.63–64 (1996) (governing payment by assigned claims plan); Minn.Stat. § 65B.51, subd. 2 (1996) (governing negligence action for economic loss not paid or payable as basic economic loss benefits).

■ But, as a result of these statutes, an uninsured plaintiff such as Delip Ramsamooj, who is occupying his own uninsured vehicle at the time of an accident, is not entitled to receive basic economic loss benefits from any insurer and may not recover such benefits in a negligence action against the driver of another vehicle. See Banks v. Grant, 549 N.W. 2d 89, 91 (Minn. 1996) (stating that uninsured plaintiff is not authorized to recover basic economic loss benefits in negligence action against insured tortfeasor); see also Minn. Stat. § 65B.51, subd. 1 (providing that where plaintiff is insured, defendant receives set-off in amount of basic economic benefits that plaintiff received; if the defendant, but not plaintiff, is insured, defendant receives same set-off, in amount of basic economic benefits that would have been payable to plaintiff).

■ No provisions in the no-fault act, however, similarly limit damages for *noneconomic* detriment based on the fact that a plaintiff is uninsured. Damages for noneconomic detriment are governed by Minn.Stat. § 65B.51, subd. 3. That section of the no-fault act provides that a plaintiff seeking to recover damages for noneconomic detriment must meet certain tort thresholds. The thresholds do not distinguish between insured plaintiffs or uninsured plaintiffs, and no other provision in the no-fault act suggests a legislative intent to make such a distinction. We therefore hold that the no-fault act does not abrogate a plaintiff's common law right to recover damages for noneconomic detriment in a negli-

gence action, provided the thresholds are met. *See Ullom v. Independent Sch. Dist. No. 112*, 515 N.W.2d 615, 617 (Minn.App. 1994) (refusing to supply what legislature "purposely omits or inadvertently overlooks") (quoting *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971)); *Fuller v. City of Mankato*, 248 Minn. 342, 347, 80 N.W.2d 9, 12 (1956) (stating, "Ordinarily, legislative enactments will not effect changes in the common law beyond those clearly indicated in [the statutes'] specific terms").

Olson argues that a plaintiff must be insured under the no-fault act before the plaintiff may recover damages for noneconomic detriment. Olson bases his argument on his interpretation of Minn.Stat. § 65B.51, subd. 1, which provides:

> With respect to a cause of action in negligence accruing as a result of injury arising out of the operation, ownership, maintenance or use of a motor vehicle with respect to which security has been provided as required by sections 65B.41 to 65B.71, the court shall deduct from any recovery the value of basic or optional economic loss benefits paid or payable, or which would be payable but for any applicable deductible.

Contrary to Olson's arguments, this language does not require that the plaintiff's vehicle be insured; it only requires that "a" vehicle be insured. *Cf.* Michael K. Steenson, *A Primer on Minnesota No–Fault Automobile Insurance*, 7 Wm. Mitchell L.Rev. 313, 388 (1981) (stating that "final condition of section 65B.51, subd. 1 is that the *defendant's* motor vehicle be secured as required by the [no-fault] Act") (emphasis added).

## DECISION

The no-fault act does not preclude an uninsured plaintiff from bringing a negligence action against an insured defendant for noneconomic damages, provided the plaintiff meets the thresholds established in Minn. Stat. § 65B.51, subd. 3. The district court erred in dismissing the Ramsamoojs' claims for noneconomic detriment. Olson's motion to strike those portions of the Ramsamoojs' brief that are not in the record is granted.

**Reversed, remanded, and motion granted.**