**Michael Duane RAZINK,
et al., Appellants,**

**v.**

**Michael J. KRUTZIG, Respondent,**

**Kathy M. Krutzig, et al., Respondents,**

**Charles Pfeffer, et al., Respondents,**

**S.B. 25, LLC, Respondent,**

**Ocello, LLC, Respondent.**

**No. A07–0389.**

Court of Appeals of Minnesota.

April 1, 2008.

David M. Bolt, Christopher J. Hoffer, Soucie & Bolt, Anoka, MN, for appellants.

Frank J. Rajkowski, Lori L. Athmann, Troy Allen Poetz, Rajkowski Hansmeier, Ltd., St. Cloud, MN, for respondent Michael J. Krutzig.

Nicholas L. Klehr, LaBore & Giuliani, Cosgriff & Viltoft, Ltd., Hopkins, MN, for respondents Kathy M. Krutzig, et al.

Andrew T. Shern, Chris Angell, Murnane Brandt, St. Paul, MN, for respondents Charles Pfeffer, et al.

Lawrence J. Skoglund, Carol L. Casey, Erstad & Riemer, P.A., Minneapolis, MN, for respondent Ocello, LLC.

Considered and decided by PETERSON, Presiding Judge; STONEBURNER, Judge; and PORITSKY, Judge.*

## OPINION

STONEBURNER, Judge.

Appellants challenge summary judgment granted to respondents dismissing their claims that respondents are liable for injuries sustained by one of the appellants when, while operating a snowmobile on land adjacent to a public highway, he struck a sign constructed and/or maintained by respondents. Appellants argue

---

* Retired judge of the district court, serving the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

that the district court erred by concluding that: (1) under Minn.Stat. § 604A.25 (2002), appellants are precluded from maintaining this action that arises out of entry onto land for recreational-trail use; (2) the landowner's agent has no greater duty to appellants than its principal; and (3) as a matter of law, respondents other than the landowner and its agent did not breach any duty to appellants because they could not have been aware that the sign created a risk of injury to anyone.

## FACTS

Before December 2002, respondent Ocello, LLC (Ocello) owned adjacent lots one, two, and three that parallel Highway 25 within the city limits of Monticello. Respondent Charles Pfeffer,[1] Ocello's real-estate agent, began marketing the lots in 1999 or 2000. Before October 2002, Pfeffer erected a sign on lot two, parallel to and visible from Highway 25, advertising the lots for sale. The sign consisted of a four-foot by eight-foot piece of three-quarter inch plywood mounted on two steel posts. Pfeffer testified that at all times relevant he was unaware of any type of recreational-trail or recreational-vehicle use in the area where he placed the sign.

In early or mid-2002, respondents Michael and Daryl Krutzig entered into an option agreement to purchase all three lots.[2] They also signed a purchase agreement for lot one and closed on this purchase in December 2002. The Krutzigs

visited the property when there was no snow on the ground. The record reflects that in the winter of 2002–03, there was no snow on the ground in Monticello until January 2003. Michael Krutzig testified in his deposition that he did not see any evidence of recreational-vehicle use of the property during their visit. At some time after the Krutzigs obtained the option, they got permission from Pfeffer to replace the message on the sign that Pfeffer had erected with a message advertising their future development of the property. They used plywood of the same size and attached it to the existing sign posts. Pfeffer testified to his recollection that the Krutzigs put their sign on the existing posts in October 2002, but Michael Krutzig thought that this occurred after closing on lot one in December 2002.

On February 9, 2003, appellant Michael Razink rode a friend's snowmobile on what he describes as a "known, well-travelled snowmobile trail" across lot two. Razink was following his friend, who was also on a snowmobile, into Monticello to get gas. It was dark. Razink was traveling between 35–40 miles per hour, despite a municipal snowmobile speed limit of 15 miles per hour, and his blood-alcohol content was approximately .15. Razink hit one of the sign posts and seriously injured his right arm on the edge of the sign board. Razink testified that he was an experienced snowmobile rider, aware of the hazards of riding at night and in road ditches, and

1. Appellants sued Charles Pfeffer as an individual and Pfeffer Company, Inc. and made allegations against "Charles Pfeffer d/b/a Pfeffer Company, Inc." The parties and the district court have treated these respondents as a single entity, and no issues on appeal make any distinction between the individual and the corporation. Therefore, these parties will be treated as a single entity for purposes of this opinion.

2. The district court stated that Michael and Daryl Krutzig were "acting on behalf of their investment company, [respondent] S.B. 25, [LLC]," but the complaint asserts that Michael Krutzig is the sole owner of S.B. 25. The complaint also asserts that respondents Daryl and Kathy Krutzig are co-owners of lot one and/or officers of S.B. 25. The record appears to treat The Krutzigs and S.B. 25 as a single entity. S.B. 25 will therefore not be separately referred to in this opinion.

that he had ridden a snowmobile on the same route two or three times in years before 2003. Razink acknowledges that he was a trespasser on lot two at the time of the accident. It is undisputed that none of the respondents granted written or oral permission for anyone to use the property as a recreational trail.

Razink and his wife sued Ocello, LLC; Michael, Daryl, and Kathy Krutzig; and S.B. 25, LLC, asserting that their negligence caused his injuries.[3] Ocello moved for dismissal under rule 12, asserting that under Minn.Stat. §§ 604A.20–604A.27 (2002) (the recreational-land-use statute), Razinks failed to state a viable claim against it as owner of property on which recreational-trail use was permitted. The district court agreed, but denied similar relief to the Krutzigs because they did not own lot two at the time of the accident.

Razinks then amended the complaint to add Pfeffer as a defendant. After discovery was complete, the Krutzigs moved for summary judgment. A different district-court judge granted the motion, concluding that, as owners of the sign, the Krutzigs qualified as owners of land, as that term is defined in the recreational-land-use statute, and, like Ocello, are entitled to immunity from trespasser actions under section 604A.25. Alternatively, the district court based its grant of summary judgment to the Krutzigs on its conclusion that, as a matter of law, the Krutzigs could not foresee any risk of injury created by the sign and therefore had not breached a duty to Razinks.

Pfeffer then moved for dismissal under rule 12 or alternatively for summary judgment based on its agency relationship with Ocello. The district court granted summary judgment to Pfeffer, concluding that Pfeffer owed no greater duty to Razinks than was owed by his principal. This appeal followed.

## ISSUES

1. Did the district court err in dismissing the Razinks' action for failure to state a viable claim based on its conclusion that Minn.Stat. § 604A.25 (2002) precludes the Razinks' action against Ocello, which passively permitted use of its land as a recreational trail?

2. Did the district court err in granting summary judgment to Pfeffer?

3. Did the district court err in concluding that the Krutzigs qualified as landowners under Minn.Stat. § 604A.21 (2002) and were therefore entitled to immunity from the Razinks' action under section 604A.25?

4. Did the district court err in granting summary judgment to the Krutzigs on the basis that, as a matter of law, they did not know that the sign posed a risk of injury to anyone?

## ANALYSIS

**I. The district court erred in concluding that passively allowing recreational-trail use entitles a landowner to immunity provided in Minn. Stat. § 604A.25 from trespasser actions.**

■ "When reviewing cases dismissed for failure to state a claim on which relief can be granted, the only question before [the reviewing court] is whether the complaint sets forth a legally sufficient claim

---

**3.** Razinks' complaint also asserted negligence per se based on an alleged violation of a county ordinance prohibiting signs within 200 feet of the center of a roadway. Because the municipality of Monticello has exercised its statutory authority to govern land use within municipal boundaries, Razinks conceded at oral argument on appeal that the county ordinance does not apply in this case and waived further consideration of that argument.

for relief." *Barton v. Moore,* 558 N.W.2d 746, 749 (Minn.1997). The district court concluded that the Razinks' action was precluded by Minn.Stat. § 604A.25, and therefore failed to state a claim on which relief could be granted. We disagree.

The recreational-land-use statute was enacted "to encourage and promote the use of land owned by a municipal power agency and privately owned lands and waters by the public for beneficial recreational purposes." Minn.Stat. § 604A.20. It is undisputed that Ocello is a private landowner for purposes of the recreational-land-use statute and that "recreational purpose" under the statute includes recreational-trail use. Minn.Stat. § 604A.21, subds. 3–5. "Recreational trail use" is defined as "use on or about a trail, including but not limited to, hunting, trapping, fishing, hiking, bicycling, skiing, horseback riding, snowmobile riding, and motorized trail riding." Minn.Stat. § 604A.21, subd. 6.

Section 604A.22 of the recreational-land-use statute also provides that:

> Except as provided in section 604A.25, an owner who gives written or oral permission for the use of the land for recreational purposes without charge:
>
> (1) owes no duty of care to render or maintain the land safe for entry or use by other persons for recreational purpose;
>
> (2) owes no duty to warn those persons of any dangerous condition on the land, whether patent or latent;
>
> (3) owes no duty of care toward those persons except to refrain from willfully taking action to cause injury; and
>
> (4) owes no duty to curtail use of the land during its use for recreational purpose.

And section 604A.25 states, in relevant part, that:

> Except as set forth in this section, nothing in sections 604A.20 to 604A.27 limits liability that otherwise exists: (1) for conduct which, at law, entitles a trespasser to maintain an action and obtain relief for the conduct complained of;
>
> . . . .
>
> Except for conduct set forth in section 604A.22 clause (3), a person may not maintain an action and obtain relief at law for conduct referred to by clause (1) in this section if the entry upon the land is incidental to or arises from access granted for the recreational trail use of land dedicated, leased, or permitted by the owners for recreational-trail use.

At issue in this case is whether a landowner who has not given written or oral permission for recreational-trail use of land is entitled to immunity from a trespasser action as provided in the final paragraph of section 604A.25. The district court concluded that because the words "access granted" and "permitted" in section 604A.25 are not modified by a requirement of a written or oral communication, immunity from a trespasser action extends to landowners who passively permit recreational-trail use. Razinks argue that, considering the statute as a whole, the protection from trespasser actions arising out of recreational-trail use extends only to landowners who have given written or oral permission for such use.

When "the words of a statute are not explicit and more than one reasonable interpretation is possible, the statute must be construed." *Abrahamson v. Abrahamson,* 613 N.W.2d 418, 421–22 (Minn.App. 2000). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions." Minn. Stat. § 645.16 (2006).

We conclude that the district court's focus only on the words contained in section 604A.25 was too narrow and failed to take into account that section 604A.22 effectively incorporates into section 604A.25 the requirement that permission be "written or oral." Section 604A.22 specifically limits the duties, "except as provided in section 604A.25," of an "owner who gives written or oral permission for the use of the land for recreational purposes without charge." Section 604A.25 provides that such a landowner retains the duty that a landowner has at common law to a trespasser, except that when the permitted use is for a recreational trail, the owner's only duty is to refrain from willfully causing injury. Nothing in section 604A.25 extends the protection of the statute beyond owners who give written or oral permission for recreational use of land.

Such a reading is consistent with caselaw holding that "[o]rdinarily, legislative enactments will not effect changes in the common law beyond those clearly indicated in their specific terms." *Fuller v. City of Mankato*, 248 Minn. 342, 347, 80 N.W.2d 9, 12 (1956). This reading is also consistent with the rule of construction requiring this court to harmonize apparently conflicting provisions in a statute, where possible. *Septran, Inc. v. Indep. Sch. Dist. No. 271*, 555 N.W.2d 915, 919 (Minn.App. 1996), *review denied* (Minn. Feb. 27, 1997). Absent explicit language stating that the permission referred to in section 604A.25 is not required to be written or oral as required in sections 604A.22 and 604A.23 (limiting the liability of an owner who gives written or oral permission for use of the land for recreational purposes without

charge), we conclude that section 604A.25 also requires an affirmative act of granting permission.

Because we conclude that the district court erred by holding that Ocello is immune from the Razinks' action under Minn.Stat. § 604A.25, we reverse the judgment of dismissal in favor of Ocello and remand.[4]

## II. Because Ocello owed the duties of a landowner to trespassers, including Razink, the district court erred in granting summary judgment to Pfeffer.

Summary judgment is appropriate when, based on the pleadings, discovery, and affidavits filed with the court, there are no genuine issues of material fact and either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. On appeal from summary judgment, we review de novo whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *Prior Lake Am. v. Mader*, 642 N.W.2d 729, 735 (Minn.2002). We view the evidence in the light most favorable to the party against whom the district court granted summary judgment. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). Summary judgment is inappropriate when the evidence might lead reasonable persons to different conclusions concerning material facts. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn.1997).

Pfeffer placed the sign on lot two, but the Razinks did not add him to the lawsuit until after Ocello was dismissed. Pfeffer moved for dismissal, asserting that as Ocello's agent, he was entitled to immunity

---

4. On appeal, Ocello argues that if it is not entitled to dismissal under rule 12, it is entitled to summary judgment because it could not have known that the sign posed an unreasonable risk of harm and therefore had no duty to Razink. But the existing record is silent about what Ocello knew or should have known. On remand, Ocello and the Razinks should be given an opportunity for additional discovery, and Ocello is not precluded from seeking summary judgment.

from suit under section 604A.25. In the alternative, Pfeffer moved for summary judgment based on lack of evidence that he could have foreseen that the sign created an unreasonable risk of harm to others.

The district court's grant of summary judgment to Pfeffer was premised on its conclusion that it was bound by the prior district court's holding that Razink cannot maintain a trespasser action against Pfeffer's principal. The district court cited the Restatement (Second) of Agency for the proposition that an agent cannot owe a greater duty of care to a third party unless the master or third party relies on a "greater undertaking by the servant." Restatement (Second) of Agency § 347(2) (1958). Because the record does not contain any evidence that the Razinks relied on a greater undertaking by Pfeffer, the district court concluded that Pfeffer's duty to the Razinks is, like Ocello's, limited to not willfully causing injury. Because there was no allegation that Pfeffer willfully caused Razink's accident or injuries, the district court granted summary judgment to Pfeffer. But we have concluded that Ocello is not entitled to immunity from a trespasser action under section 604A.25, and therefore owed Michael Razink the duty of a landowner to a trespasser. Accordingly, the district court's reason for granting summary judgment to Pfeffer is no longer valid.

Pfeffer argued, in the alternative, that he could not have appreciated the risk regarding placement of the sign, but the district court did not reach this issue. The evidence in the record at this time indicates that Pfeffer has a strong argument for summary judgment on this ground. But because the record has not been developed concerning Ocello's knowledge of trail use on its land or whether Ocello relied on Pfeffer for a "greater undertaking" with regard to placement of the sign, we decline to hold that Pfeffer is entitled to summary judgment on this ground. We therefore reverse summary judgment granted to Pfeffer and remand for further proceedings in the district court.

## III. The Krutzigs are not entitled to immunity from the Razinks' action under section 604A.25.

The district court granted summary judgment to the Krutzigs based on its determination that because they owned the sign, they qualified for the protection of the recreational-land-use statute. "Land" is defined in the statute as "any of the following which is privately owned or leased . . .: land, easements, rights-of-way, roads, water, watercourses, private ways and buildings, structures, and other improvements to land, and machinery or equipment when attached to land." Minn. Stat. § 604A.21, subd. 3. "Owner" is defined as "the possessor of a fee interest or a life estate, tenant, lessee, occupant, holder of a utility easement, or person in control of the land." Minn.Stat. § 604A.21, subd. 4. The district court reasoned that the sign is a structure and that the Krutzigs owned the sign, making them "landowners" under the recreational-land-use statute.

Even if this is the case, the Krutzigs did not give written or oral permission for use of such "land" as a recreational trail and therefore are not entitled to any of the protections of the recreational-land-use statute. The district court erred in concluding that section 604A.25 immunized the Krutzigs from the Razinks' action, and we reverse summary judgment granted to the Krutzigs on this basis.

## IV. The Krutzigs are entitled to summary judgment on the ground that there is no evidence that they breached a duty to the Razinks with regard to the sign.

■ In the alternative, the district court concluded that the Krutzigs are entitled to

summary judgment on the Razinks' claims because, as a matter of law, they did not create or maintain a condition that they should have recognized as creating an unreasonable risk of physical harm to others. We agree. The Razinks have not clearly articulated what duty the Krutzigs owed them. On appeal, they argue that "at the very least, [the Krutzigs] owed the duty of care owed by landowners to trespassers."

We agree with the district court's analysis that the Krutzigs' duty is more correctly described in section 386 of the Restatement (Second) of Torts:

> Any person, except the possessor of land or a member of his household or one acting on his behalf, who creates or maintains upon the land a structure or other artificial condition which he should recognize as involving an unreasonable risk of physical harm to others upon or outside of the land, is subject to liability for physical harm thereby caused to them, irrespective of whether they are lawfully upon the land, by the consent of the possessor or otherwise, or are trespassers as between themselves and the possessor.

Restatement (Second) of Torts § 386 (1965). There is no evidence that the Krutzigs were aware, or could have been aware, that placing their plywood sign on the existing sign posts on lot two would create any risk of harm, let alone an unreasonable risk of physical harm, to anyone. Moreover, it is undisputed that when the Krutzigs placed the sign, there was no

snow on the ground and no evidence on the ground of any type of trail use in the area of the sign or near the sign.[5]

Although the Razinks repeatedly assert that the sign was placed in the middle of a known and well-traveled snowmobile trail, they have failed to produce evidence that any trace of such a trail was visible when the Krutzigs placed the sign. They have also failed to show that the Krutzigs had any knowledge of such a trail at any time before the accident or otherwise could have foreseen that the sign created any risk of injury to anyone. Because there is no evidence to support even an inference of such knowledge, there is no material fact dispute. Therefore, the district court correctly concluded that, as a matter of law, the Krutzigs did not breach any duty owed to the Razinks with regard to the sign, and the district court did not err in granting summary judgment to the Krutzigs on this ground.

## DECISION

Because Ocello did not give oral or written permission for use of its land for a recreational trail, the Razinks are not precluded by Minn.Stat. § 604A.25 from pursuing an action for injuries Michael Razink, as a trespasser, sustained from running into a sign on Ocello's land while snowmobiling. We therefore reverse dismissal of Ocello from this action. Because we have reversed Ocello's dismissal, the district court's grant of summary judgment to Pfeffer, which was premised on Ocello's immunity from the Razinks'

---

5. The Razinks argue that photographs taken after the snow melted in 2003 show that evidence of trail use remained on the ground even when there was no snow. But no one has disputed that there was snowmobile use of the area after snow fell in January 2003 or that evidence of that use was visible immediately after the snow melted in the spring of 2003. This evidence is not sufficient to create a genuine issue of material fact that evidence of trail use was apparent in the late fall/early

winter of 2002. And Michael Razink's testimony that he had traveled the same route a couple of times in prior years when there was snow does not establish a material fact question regarding whether evidence of that use was visible when The Krutzigs were on the property. The only evidence of the condition of the land prior to the snowfall comes from the deposition testimony of Pfeffer and Michael Krutzig. Both stated that there was no visible sign of a trail of any kind.

action under section 604A.25, is also reversed. The Krutzigs are not entitled to the protection of section 604A.25, but because the record does not contain any evidence from which a fact-finder could conclude that the Krutzigs could have appreciated any risk of harm from their conduct with regard to the sign, the district court did not err in granting summary judgment to the Krutzigs.

**Affirmed in part, reversed in part, and remanded.**